1  KATHERINE F. WENGER/ CA SB# 223045
   BROWN, GEE & WENGER LLP
2  200 Pringle Avenue, Suite 400
   Walnut Creek CA 94596
3  Telephone: (925) 943-5000
   Facsimile: (925) 933-2100
4  kwenger@bgwcounsel.com

5  ATTORNEYS FOR PLAINTIFF
   CHRISTOPHER R. O'BRIEN,
6  AS TRUSTEE OF THE RAYMOND F. O'BRIEN
7  REVOCABLE TRUST

8  SEYFARTH SHAW LLP
   Laura J. Maechtlen (SBN 224923)
9  E-mail:  lmaechtlen@seyfarth.com
   Francis J. Ortman III (SBN 213202)
10 E-mail:  fortman@seyfarth.com
   Kelly Knudson (SBN 244445)
11 E-mail:  kknudson@seyfarth.com
   Tatyana Shmygol (SBN 267104)
12 E-mail: tshmygol@seyfarth.com
   560 Mission Street, Suite 3100
13 San Francisco, CA 94105-2930
   Telephone:    (415) 397-2823
14 Facsimile:    (415) 397-8549

15 Attorneys for Defendant  XPO, CNW Inc.

16

17           **UNITED STATES DISTRICT COURT**

18          **NORTHERN DISTRICT OF CALIFORNIA**

19 RAYMOND F. O'BRIEN, an individual,      CASE NO. 3:16-cv-03869-JCS
                                           Filed: 5/27/16
20            PLAINTIFF,

21    v.                                   **[PROPOSED] JURY INSTRUCTIONS**

22

23 XPO LOGISTICS WORLDWIDE, INC., a
      Delaware corporation;                HONORABLE JOSEPH C. SPERO
24 CON-WAY GLOBAL SOLUTIONS, INC.,
      a Delaware corporation;
25 and DOES 1-20, inclusive,

26            DEFENDANTS.

27
       Pursuant to the Court's October 25, 2016 Case Management and Pre-Trial Order the
28
                                                                                      1

Parties Submit the Following Proposed Jury Instructions to the Court:

**Stipulated Instruction No. 1 Re: Duty of Jury (Court Reads and Provides Written Set of Instructions)**

- Model Ninth Circuit Instruction 1.2

**Stipulated Instruction No. 2 Re: Claims and Defenses**

- Model Ninth Circuit Instruction 1.5

**Stipulated Instruction No. 3 Re: Burden of Proof – Preponderance of the Evidence**

- Model Ninth Circuit Instruction 1.6

**Stipulated Instruction No. 4 Re: Burden of Proof – Clear and Convincing Evidence**

- Model Ninth Circuit Instruction 1.6

**Stipulated Instruction No. 5 Re:  What Is Evidence**

- Model Ninth Circuit Instruction 1.9

**Stipulated Instruction No. 6 Re: What Is Not Evidence**

- Model Ninth Circuit Instruction 1.10

**Stipulated Instruction No. 7   Re:  Evidence for Limited Purpose**

- Model Ninth Circuit Instruction 1.11

**Stipulated Instruction No. 8   Re: Direct and Circumstantial Evidence**

- Model Ninth Circuit Instruction 1.12

**Stipulated Instruction No. 9   Re: Ruling on Objections**

- Model Ninth Circuit Instruction 1.13

**Stipulated Instruction No. 10 Re: Credibility of Witnesses**

- Model Ninth Circuit Instruction 1.14

**Stipulated Instruction No. 11 Re:  Conduct of the Jury**

- Model Ninth Circuit Instruction 1.15

**Stipulated Instruction No. 12 Re:  Publicity During Trial**

- Model Ninth Circuit Instruction 1.16

**Stipulated Instruction No. 13 Re:  No Transcript Available to Jury**

[PROPOSED] JURY INSTRUCTIONS
39129936v.1
39131951v.1

1     •   Model Ninth Circuit Instruction 1.17

2    **Stipulated Instruction No. 14 Re: Taking Notes**

3     •   Model Ninth Circuit Instruction 1.18

4    **Disputed Instruction No. 15 Re: Questions to Witnesses by Jurors (Proposed by Defendant)**

5     •   Model Ninth Circuit Instruction 1.19

6    **Defendant's Position Re: Disputed Instruction No. 15 Re: Questions to Witnesses by Jurors**

7    **(Proposed by Defendant):** The facts in this case span from 1987 to 2015 and involve

8    sophisticated witnesses, complex issues of corporate authority, and multiple interactions that

9    Plaintiff alleges resulted in a contract.  The jurors should be able to ask questions to fully

10   understand the facts before they can make a decision.

11   **Plaintiff Response to Disputed Instruction No. 15 Re:  Questions to Witnesses by Juror**

12         Plaintiff does not believe allowing jurors to question witnesses is necessary or an

13   appropriate or constructive use of the time for this matter.

14   **Stipulated Instruction No. 16 Re: Bench Conferences and Recesses**

15     •   Model Ninth Circuit Instruction 1.20

16   **Stipulated Instruction No. 17 Re: Outline of Trial**

17     •   Model Ninth Circuit Instruction 1.21

18   **Disputed Instruction No. 18 Re:  Bias (Proposed by Plaintiff):**

19
20       Each one of us has biases about or certain perceptions or stereotypes of other people. We may be aware of some of our biases, though we may not share them with others. We may not be fully aware of some of our other biases.

21
22       Our biases often affect how we act, favorably or unfavorably, toward someone. Bias can affect our thoughts, how we remember, what we see and hear, whom we believe or disbelieve, and how we make important decisions.

23
24       As jurors you are being asked to make very important decisions in this case. You must not let bias, prejudice, or public opinion influence your decision. You must not be biased in favor of or against any party or witness because of his or her disability, gender, race, religion, ethnicity, sexual orientation, age, national origin, or socioeconomic status.

25
26
27
28

[PROPOSED] JURY INSTRUCTIONS
39129936v.1
39131951v.1

1   Your verdict must be based solely on the evidence presented. You must carefully evaluate
2   the evidence and resist any urge to reach a verdict that is influenced by bias for or against
    any party or witness.

3
4   CACI 113

5   **Defendant's Response to Disputed Instruction No. 18 Re: Bias (Proposed by Plaintiff):**

6   Defendant does not disagree that a bias instruction based on CACI 113 should be given, but

7   believes that it should also address the bias that may result from the jurors' sympathy towards

8   Plaintiff because of Raymond O'Brien's death.

9   **Disputed Instruction No. 18 Re: Bias (Proposed by Defendant)**

10      Each one of us has biases about or certain perceptions or stereotypes of other
        people. We may be aware of some of our biases, though we may not share them
11      with others. We may not be fully aware of some of our other biases.

12      Our biases often affect how we act, favorably or unfavorably, toward someone.
        Bias can affect our thoughts, how we remember, what we see and hear, whom we
13      believe or disbelieve, and how we make important decisions.

14      As jurors you are being asked to make very important decisions in this case. You
        must not let bias, prejudice, or public opinion influence your decision. You must
15      not be biased in favor of or against any party or witness because of his or her
        disability, gender, race, religion, ethnicity, sexual orientation, age, national origin,
16      or socioeconomic status.

17      The plaintiff in this action has passed away. This fact should not affect your
        decision as to whether or not plaintiff has proved his case against defendant, nor
18      should your sympathy for plaintiff's family impact your verdict.

19      Your verdict must be based solely on the evidence presented. You must carefully
        evaluate the evidence and resist any urge to reach a verdict that is influenced by
20      bias for or against any party or witness.

21   CACI 113, as modified

22

23   **Defendant's Position Re: Disputed Instruction No. 18 Re: Bias (Proposed by Defendant):**

24   Raymond O'Brien died in this case as recently as February of this year.  Defendant is entitled to a

25   decision based on evidence, and not sympathy for Raymond O'Brien or his son who substituted in

26   as a Plaintiff.

27   **Stipulated Instruction No. 19 Re: Stipulations of Fact**

28
                                                                                                    4

[PROPOSED] JURY INSTRUCTIONS
39129936v.1
39131951v.1

1   • Model Ninth Circuit Instruction 2.2

2   **Stipulated Instruction No. 20 Re: Judicial Notice**

3   • Model Ninth Circuit Instruction 2.3

4   **Stipulated Instruction No. 21 Re: Deposition in Lieu of live Testimony**

5
6   A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. [When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.]

7

8   The deposition of [name of witness] was taken on [date]. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

9

10  [Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

11
12  After they testify at deposition, witnesses are allowed to review their answers and make written changes. If this occurs, you will be provided with both the original testimony and the revised testimony so that you may evaluate the honesty of the alteration.

13

14  Model Ninth Circuit Instruction 2.4, as modified; CACI 208, as modified.  FRCP

15  § 30(e)(2).

16  **Stipulated Instruction No. 22 Re: Transcript of Recording In English (NC 2.5)**

17  • Model Ninth Circuit Instruction 2.5

18  **Stipulated Instruction No. 23 Re: Impeachment Evidence--Witness (NC 2.9)**

19  • Model Ninth Circuit Instruction 2.9

20  **Stipulated Instruction No. 24 Re: Use of Interrogatories**

21  • Model Ninth Circuit Instruction 2.11

22  **Stipulated Instruction No. 25 Re: Use of Requests for Admission**

23  • Model Ninth Circuit Instruction 2.12

24  **Stipulated Instruction No. 26 Re: Charts and Summaries Not Received in Evidence**

25  • Model Ninth Circuit Instruction 2.14

26  **Stipulated Instruction No. 27 Re: Charts and Summaries in Evidence**

27  • Model Ninth Circuit Instruction 2.15

28

[PROPOSED] JURY INSTRUCTIONS
39129936v.1
39131951v.1

1    **Stipulated Instruction No. 28 Re: Evidence in Electronic Format**

2    • Model Ninth Circuit Instruction 2.16

3    **Disputed Instruction No. 29 Re; Breach of Contract – Introduction (Proposed by Plaintiff)**

4    Plaintiff claims that Raymond O'Brien and Defendant entered into a contract
     whereby in exchange for Raymond O'Brien giving up and foregoing certain
5    benefits that Defendant was providing to him,  Defendant would pay Raymond
     O'Brien $6,000 a month for the rest of his life.
6

7    Plaintiff claims that, beginning in December of 2015, Defendant breached this contract
     when it stopped  paying the $6,000 a month that was owed to Raymond O'Brien.
8

9    Plaintiff also claims that Defendant's breach of this contract caused harm to Raymond
     O'Brien for which Defendant should pay.
10

11   Defendant denies that there was ever a valid, enforceable contract between
     Defendant (or its predecessors) and Plaintiff .  Defendant claims that its
12   predecessors gave Raymond O'Brien a car, secretary and an office, and later
     $6,000 per month in lieu of those things as an acknowledgment of gratitude for
     the past work he had done for the company as CEO, not as a lifetime contract.
13   Defendant claims that is cannot be a contract because Defendant claims that
     Raymond O'Brien was not required to do anything in exchange for the car, office
14   and secretary, and because the terms of any agreement, if there is one, were
     indefinite.  Defendant also claims that neither the alleged contract nor its alleged
15   2006 modification were ever properly authorized by it or its predecessors' board
     of directors, and therefore cannot bind Defendant and that in any event, it did not
16   agree to continue the payments to Raymond O'Brien.

17
     CACI 300, as modified.
18

19   **Plaintiff's Position Re: Disputed Instruction No. 29 Re:  Breach of Contract – Introduction**

20   **(Proposed ByPlaintiff):** Plaintiff has summarized his claims and Defendant's defenses in a

21   neutral and accurate manner.

22   **Defendant's Response to Disputed Instruction No. 29 Re;  Breach of Contract –**

23   **Introduction (Proposed by Plaintiff):** Plaintiff's proposed instruction is confusing and does not

24   sufficiently explain Plaintiff's claims.

25   **Disputed Instruction No. 30 Re:  Breach of Contract – Introduction (Proposed by**

26   **Defendant)**

27   Plaintiff claims that in 1987 Raymond O'Brien and Consolidated
     Freightways, Inc. entered into a contract for whereby Consolidated
28

[PROPOSED] JURY INSTRUCTIONS
39129936v.1
39131951v.1

1   Freightways, Inc. would provide him with an office, secretary and car
2   service for as long as he wanted them. Plaintiff claims that in or around
    2006 this contract was modified, so that instead of an office, secretary and
3   car service Raymond O'Brien was to receive a payment of $6,000 per
    month for the rest of his life.

4   Plaintiff claims that XPO CNW, Inc., a successor in interest to
5   Consolidated Freightways, Inc., breached this contract by not paying
    Raymond O'Brien the monthly sum of $6,000 from December 1, 2015 until
6   February 2017.

7   Plaintiff also claims that XPO CNW, Inc.'s breach of this contract caused
    harm to him by depriving him of the monthly payments of $6,000, and that
8   XPO CNW, Inc. should pay for it.

9   XPO CNW, Inc. denies that there was ever a valid, enforceable contract
    between XPO CNW, Inc.'s predecessors in interest and Plaintiff. XPO
10  CNW, Inc. claims that its predecessors gave Raymond O'Brien a car,
    secretary and an office, and later $6,000 per month in lieu of those things as
11  an acknowledgment of gratitude for the past work he had done for the
    company as CEO, not as a lifetime contract.  They assert that is cannot be a
12  contract because Raymond O'Brien was not required to do anything in
    exchange for the car, office and secretary, and because the terms of any
13  agreement, if there is one, were indefinite.  XPO CNW, Inc. also claims
    that neither the alleged contract nor its alleged 2006 modification were ever
14  properly authorized by its predecessors' board of directors, and therefore
    cannot bind XPO CNW, Inc, and that in any event, it did not agree to
15  continue the payments to Raymond O'Brien.

16  CACI 300, as modified.

17  **Defendant's Position Re: Disputed Instruction No. 30 Re:  Breach of Contract –**

18  **Introduction (Proposed By Defendant):** Defendant has summarized Plaintiff's claims and its

19  own defenses in a neutral and accurate manner.

20  **Plaintiff's Position Re:  Instruction No. 30 Re:  Breach of Contract – Introduction**

21  **(Proposed By Defendant):**  Defendant's proposed instruction is confusing and does not

22  sufficiently explain Plaintiff's claims.

23  **Disputed Instruction No. 31 Re: Contract Formation-Essential Factual Elements (Proposed**

24  **by Plaintiff)**

25
26  Plaintiff claims that Raymond O'Brien entered into a contract with Defendant. To
    prove that a contract was created, Plaintiff must prove all of the following:

27  1.      That the contract terms were clear enough that the parties could
    understand what each was required to do;

28

[PROPOSED] JURY INSTRUCTIONS
39129936v.1
39131951v.1

7

2.     That the parties agreed to give each other something of value (a promise to do something or not to do something may have value); and

3.     That the parties agreed to the terms of the contract.

When you examine whether the parties agreed to the terms of the contract, ask yourself if, under the circumstances, a reasonable person would conclude, from the words and conduct of each party, that there was an agreement. You may not consider the parties' hidden intentions.

If Plaintiff did not prove all of the above, then a contract was not created.

CACI No. 302

**Plaintiff's Position re: Disputed Instruction No. 31: Contract Formation-Essential Factual Elements (Proposed by Plaintiff):** This is the CACI approved instruction and addresses all issues pertinent to contract formation in this case.

**Defendant's Response to Disputed Instruction No. 31: Contract Formation-Essential Factual Elements (Proposed by Plaintiff):** This instruction does not address all issues pertinent to contract formation in this case.

**Disputed Instruction No. 32 Re: Contract Formation-Essential Factual Elements (Proposed by Defendant)**

Plaintiff claims that the parties entered into a contract. To prove that a contract was created, Plaintiff must prove all of the following:

1. That the contract terms were clear enough that the parties could understand what each was required to do;

2. That the parties agreed to give each other something of value; and

3. That the parties agreed to the terms of the contract.

If Plaintiff did not prove all of the above, then a contract was not created.

Something of value may include money, an act, or a promise to do something or not to do something. However, no contract is formed if one party agrees to give something of value to another party gratuitously, with no expectation that the other party will give it something in return.

The fact that one party has already bestowed certain benefits upon the other or has made certain payments to date, does not mean that a contract has been created as to any future payments.

[PROPOSED] JURY INSTRUCTIONS
39129936v.1
39131951v.1

1  CACI 302, as modified; *see also Passante v. McWilliam*, 53 Cal. App. 4th 1240, 1247

2  (1997) (explaining that to be entitled to enforce a promise, the consideration given by the

3  plaintiff "must result from a bargain"; because the consideration must be given in

4  exchange for the promise, "[p]ast consideration cannot support a contract."); *see also*

5  *Julian v. Gold*, 214 Cal. 74, 78 (1931) ("It is a rule established by many well-considered

6  cases that parties to a lease cannot escape from their secondary (modifying) agreement on

7  the ground of want of consideration, where it has been fully executed, nor, if partially

8  executed on both sides, can they repudiate that part of it which has been executed, *though*

9  *the unexecuted part may be repudiated unless grounds of equitable estoppel exist*.")

10  (emphasis added).

11  **Defendant's Position Re: Disputed Instruction No. 32  Re: Contract Formation-Essential**

12  **Factual Elements (Proposed by Defendant)**: This instruction (based on a CACI instruction

13  Plaintiff agrees should be used) addresses additional issues of contract formation that are essential

14  in this case.  The relevant legal authority for Defendant's addition to the CACI instruction is cited

15  above.

16  **Plaintiff's Response Re: Disputed Instruction No. 32  Re: Contract Formation-Essential**

17  **Factual Elements (Proposed by Defendant)**:

18  Plaintiff's proposed instruction is the CACI approved instruction and addresses all issues

19  pertinent to contract formation in this case and the additional language proposed by Defendant is

20  unnecessary.

21  **Disputed Instruction No. 33 (Proposed by Defendant) Re: Gift v. Contract**

22  A gift is a transfer of personal property, made voluntarily, and without
23  consideration.  You must find that no contract was formed if you find (1) that
   Raymond O'Brien was provided office space, secretarial support, and car service
24  as a gift, or (2) that the monthly $6,000 payment to Raymond O'Brien was a gift.

25  Cal. Civ. Code § 1146 .

26  **Defendant's Position Re: Disputed Instruction No. 33 Re: Gift v. Contract (Proposed by**

27  **Defendant)**: This instruction explains in simple terms the difference between gift and contract

28  using a definition from Cal. Civ. Code § 1146 cited above.  Defendant believes it would be

9

1  helpful to the jury.

2  **Plaintiff Response to Disputed Instruction No. 33.**

3       This instruction (re: Gift v. Contract) is unnecessary, inappropriate and duplicative in that

4  the issue of value is addressed by Stipulated Instruction No. 3

5  **Disputed Instruction No. 34 (Proposed by Defendant) Re: Contract Uncertain**

6       If you find that the nature of either party's obligation is so uncertain and indefinite
     that there is no rational method for determining breach or computing damages,

7       you should find that no contract was created.

8  *Ladas v. California State Automobile Assn.*, 19 Cal. App. 4th 761, 770 (1993).

9  **Defendant's Position Re: Disputed Instruction No. 34 (Proposed by Defendant) Re:**

10  **Contract Uncertain**: This instruction explains in simple terms when the parties obligations are

11  too uncertain to constitute a contract, and is based on California common law applicable here.

12  Defendant believes it would be helpful to the jury.

13  **Plaintiff Response to Disputed Instruction No. 34.**

14     This instruction (re: Uncertainty) is unnecessary, inappropriate and duplicative in that the

15  issue addressed by other instructions, including Disputed Instruction Nos. 3 & 6

16  **Disputed Instruction No. 35 Re: Breach of Contract – Essential Factual Elements**

17  **(Proposed by Plaintiff)**

18       To recover damages from Defendant for breach of contract, Plaintiff must prove
     all of the following:

19  

20       1.    That Raymond O'Brien and Defendant entered into a contract;

21       2.    That Raymond O'Brien did all, or substantially all, of the significant
     things that the contract required him to do;

22       3.    That Defendant failed to do something that the contract required it to do;

23       4.    That Raymond O'Brien and was harmed; and

24       5.    That Defendant's breach of contract was a substantial factor in causing
     Raymond O'Brien's harm.

25       CACI 303

26  

27  **Plaintiff's Position re: Disputed Jury Instruction No. 35 Re: Breach of Contract - Essential**

28  **Factual Elements (Proposed by Plaintiff):** Plaintiff's instruction is the approved CACI

10

instruction.

**Defendant's Response to Disputed Jury Instruction No. 35 Re: Breach of Contract - Essential Factual Elements (Proposed by Plaintiff):** This instruction omits essential factual elements Plaintiff has to prove under California law in this case to recover damages for breach of contract.  Defendant proposes an alternative instruction.

**Disputed Instruction No. 36  Re: Breach of Contract – Essential Factual Elements (Proposed by Defendant)**

To recover damages from Defendant for breach of contract, Plaintiff must prove all of the following:

1.     That in 1987 Raymond O'Brien and Consolidated Freightways, Inc. entered into a contract that was certain enough that each party understood what was expected of the other;

2.     That the alleged 2006 modification of the alleged 1987 contract was supported by new consideration (i.e. the parties bargained for and exchanged something of value);

3.     That Defendant assumed the obligation of Consolidated Freightways, Inc. and its successors in interest towards Raymond O'Brian under the contract;

4.     That Raymond O'Brien did all, or substantially all, of the significant things that the contract required him to do;

5.     That Defendant failed to do something that the contract required it to do;

6.     That Raymond O'Brien and was harmed; and

7.     That Defendant's breach of contract was a substantial factor in causing Raymond O'Brien's harm.

CACI 302 & 303, as modified

**Defendant's Position Re: Disputed Instruction No. 36  Re: Breach of Contract – Essential Factual Elements (Proposed by Defendant)**: This instruction is more complete and addresses issues particular to this case, as to whether Defendant assumed the obligation of its predecessors under the purported contract.

**Plaintiff's Position Re: Disputed Instruction No. 36  Re: Breach of Contract – Essential Factual Elements (Proposed by Defendant)**:  Defendant's instructions including elements that are not a necessary element of a claim for breach of contract.

[PROPOSED] JURY INSTRUCTIONS
39129936v.1
39131951v.1

**Stipulated Instruction No. 37  Re: Oral or Written Contract Terms**

Contracts may be written or oral.

Contracts may be partly written and partly oral.

Oral contracts are just as valid as written contracts.

CACI 304

**Stipulated Instruction No. 38 Re: Modifications**

Plaintiff claims that the original contract entered into between Raymond O'Brien and Defendant was modified or changed. Plaintiff must prove that the parties agreed to the modification.  Defendant denies that there was a contract  to begin with.

The parties to a contract may agree to modify its terms. You must decide whether a reasonable person would conclude from the words and conduct of the parties that Defendant and Raymond O'Brien agreed to modify the contract. You cannot consider the parties' hidden intentions.

A contract in writing may be modified by a contract in writing.

A contract in writing may be modified by an oral agreement to the extent the oral agreement is carried out by the parties.

A contract in writing may be modified by an oral agreement if the parties agree to give each other something of value.

CACI 313, as modified.

**Stipulated Instruction No. 39 Re: Interpretation-Meaning of Ordinary Words**

You should assume that the parties intended the words in their contract to have their usual and ordinary meaning unless you decide that the parties intended the words to have a special meaning.

CACI 315

**Stipulated Instruction No. 40  Re: Interpretation-Construction of Contract as a Whole**

In deciding what the words of a contract meant to the parties, you should consider the whole contract, not just isolated parts. You should use each part to help you interpret the others, so that all the parts make sense when taken together.

CACI 317

**Stipulated Instruction No. 41  Re: Interpretation-Construction by Conduct**

In deciding what the words in a contract meant to the parties, you may consider how the parties acted after the contract was created but before any disagreement between the parties arose.

[PROPOSED] JURY INSTRUCTIONS
39129936v.1
39131951v.1

CACI 318

**Disputed Instruction No. 42 Re:  Interpretation – Disputed Words (Proposed by Defendant)**

Plaintiff and Defendant dispute the meaning of the following words in their contract: "for as long as you wish" and "for as long as you want."

Plaintiff claims that the words mean that Raymond O'Brien  had a right to an office, secretarial support and car service for life. Defendant claims that the words "as long as you wish" mean that an office, and secretarial support were provided to Raymond O'Brien until he no longer wished to use those specific services, but in no way obligated Defendant to pay Raymond O'Brien once he no longer wished to use them. Defendant also claims that the words "as long as you want" as related to car service mean that car service was provided as long as Raymond O'Brien actually wanted to use the car service. Plaintiff must prove that his interpretation is correct.

In deciding what the words of a contract mean, you must decide what the parties intended at the time the contract was created. You may consider the usual and ordinary meaning of the language used in the contract as well as the circumstances surrounding the making of the contract.

CACI 314, as modified.

**Defendant's Position Re: Disputed Instruction No.  42 Re:  Interpretation – Disputed Words (Proposed by Defendant):** This instruction is adopted from CACI 314 and accurately reflects the issues of contract interpretation relevant in this case as well California law on this matter.

**Plaintiff's Response to the Use of Disputed Instruction No. 42 Re:  Interpretation – Disputed Words**

Plaintiff objects to the use of this instruction based on the fact that the contract at issue is not merely based on the words set forth in the writing that Defendant refers to and Defendant's proposed instructions misleads the jury to believe that is the case.  To the extent the Court would find it appropriate to use this instruction, Plaintiff objects to Defendant's proposed instruction to the extent it modifies and is inconsistent with the instruction as set forth by CACI 314.

**Stipulated Instruction No. 43 Re: Interpretation-Reasonable Time**

If a contract does not state a specific time in which the parties are to meet the requirements of the contract, then the parties must meet them within a reasonable time. What is a reasonable time depends on the facts of each case, including the subject matter of the contract, the reasons each party entered into the contract, and the intentions of the parties at the time they entered the contract.

CACI 319

[PROPOSED] JURY INSTRUCTIONS
39129936v.1
39131951v.1

**Stipulated Instruction No. 44 Re: Corporations and Partnerships--Fair Treatment**

- Model Ninth Circuit Instruction 4.1

**Stipulated Instruction No. 45 Re:  Agent and Principal- Definition**

- Model Ninth Circuit Instruction 4.4

**Stipulated Instruction No. 46 Re:  Agent - Scope of Authority Defined**

- Model Ninth Circuit Instruction 4.5

**Disputed Instruction No. 47 Re:  Apparent Agency(Proposed by Plaintiff)**

- Model Ninth Circuit Instruction 4.6

**Plaintiff's Position re: Disputed Instruction No. 47 Apparent Agency(Proposed by Plaintiff)**

This is the approved Model Ninth Circuit Instructions

**Defendant's Response to Disputed Instruction No. 47 Re:  Apparent Agency(Proposed by Plaintiff):**  This instruction will be confusing and misleading to the jury because Raymond O'Brien was not a stranger to the company with which he claims he had an agreement (he was the CEO and Chairman of the Board), and thus knew for a fact when the company would and would not have authority to do something.

**Disputed Instruction No. 48 Re:  Ratification (Proposed by Plaintiff)**

- Model Ninth Circuit Instruction 4.7

**Plaintiff's Position re Disputed Instruction No. 48 Re: Ratification (Proposed by Plaintiff):** This is the approved Model Ninth Circuit Instructions.  Whether or not an individual is a "stranger" to a company is not relevant to the doctrine and law on ratification.

**Defendant's Response to Disputed Instruction No. 48: Ratification (Proposed by Plaintiff):** This instruction will be confusing and misleading to the jury because ratification is irrelevant to issues of authority in this case. Raymond O'Brien was not a stranger to the company with which he claims he had an agreement (he was the CEO and Chairman of the Board), and thus knew for a fact when the company would and would not have authority to do something.

**Stipulated Instruction No. 49 Re:  Principal and Agent Sued – Agency or Authority Denied**

- Model Ninth Circuit Instruction 4.12

14

**Stipulated Instruction No. 50 Re: Adverse Interest Exception**

- Model Ninth Circuit Instruction 4.13

**Disputed Instruction No. 51  Re: Successor in Interest Right to Recover Damages (Proposed By Plaintiff)**

Any and all rights that Raymond O'Brien had to recover against Defendant (including any claims for breach of contract) survives Raymond O'Brien's death and may be pursued by Raymond O'Brien's successor in interest and/or assignee.

As Raymond O'Brien's successor in interest, Plaintiff has the right to assert whatever rights that Raymond O'Brien would have had if he were still living, including recovering from Defendant any and all damages that Raymond O'Brien suffered before he died.

Cal. Civ. Code § 954; Cal. Code Civ. Proc. § § 377.20, 377.22 377.30, 377.34

**Plaintiff's Position re: Disputed Instruction No. 51 Re: Successor in Interest Right to Recover Damages (Proposed by Plaintiff)**: This instruction is necessary and important for the jury to understand Plaintiff's right to recover the monies owed even though Raymond O'Brien has passed away.

**Defendant's Response to Disputed Instruction No. 51 Re: Successor in Interest Right to Recover Damages (Proposed by Plaintiff)**: Defendant believes this instruction is unnecessary since Christopher O'Brien has been substituted as Plaintiff per the parties' stipulation.

**Disputed Instruction No. 52 Re: Damages – Proof  (Proposed By Plaintiff)**

- Model Ninth Circuit Instruction 5.1

**Defendant's Response to Disputed Instruction No.52 Re: Damages--Proof**: This instruction is unnecessary as both Plaintiff and Defendant agree should the jury find liability the damages would be $90,000 plus interest.

**Disputed Instruction No. 53 Re: Introduction to Contract Damages (Proposed By Plaintiff)**

If you decide that Plaintiff has proved his claim against Defendant for breach of contract, you also must decide how much money will reasonably compensate Plaintiff for the harm caused by the breach. This compensation is called "damages." The purpose of such damages is to put Plaintiff, as the successor in interest to Raymond O'Brien, in as good a position as he would have been if Defendant had performed as promised.

[PROPOSED] JURY INSTRUCTIONS
39129936v.1
39131951v.1

To recover damages for any harm, Plaintiff must prove that when the contract was made, both parties knew or could reasonably have foreseen that the harm was likely to occur in the ordinary course of events as result of the breach of the contract.

Plaintiff also must prove the amount of his damages according to the following instructions.  He does not have to prove the exact amount of damages. You must not speculate or guess in awarding damages.

Plaintiff claims damages for $6,000 per month that Con-Way failed to pay from December 1, 2015 through February 3, 2017, a total of $90,000.

CACI 355 Re: Obligation to Pay Money Only

To recover damages for the breach of a contract to pay money, Plaintiff must prove the amount due under the contract.

CACI 350

**Defendant's Response to Disputed Instruction No.54 Re: Introduction to Contract Damages (Proposed By Plaintiff)**: This instruction is unnecessary as both Plaintiff and Defendant agree should the jury find liability the damages would be $90,000 plus interest.

**Disputed Instruction No. 55  Re: Prejudgment Interest (Proposed by Plaintiff)**

If you decide that Plaintiff is entitled to recover damages for past breach of contract, then you must decide the amount of prejudgment interest Plaintiff is entitled to recover.  For a breach of contract, Plaintiff is entitled to recover prejudgment interest at a rate of ten percent (10%) per year beginning at the date of the breach and continuing through the date on which you sign the Verdict.

Ca. Civ. Code § 3289(b).

**Defendant's Response to Disputed Instruction No. 55 Re: Prejudgment Interest (Proposed by Plaintiff)**: This instruction is unnecessary. Under Cal. Civ. Code § 3289 the issue of interest due is a question of law, not fact, and thus must be decided by the judge and not the jury.

**Stipulated Instruction No. 56 Re: Duty to Deliberate**

- Model Ninth Circuit Instruction 3.1

**Stipulated Instruction No. 57 Re: Consideration of Evidence-Conduct of the Jury**

- Model Ninth Circuit Instruction 3.2

**Stipulated Instruction No. 58 Re: Communication with Court**

- Model Ninth Circuit Instruction 3.3

**Stipulated Instruction No. 59 Re: Readback or Playback**

1        • Model Ninth Circuit Instruction 3.4

2   **Stipulated Instruction No. 60 Re: Return of Verdict**

3        • Model Ninth Circuit Instruction 3.5

4   **Stipulated Instruction No. 61 Re: Additional Instructions of Law**

5        • Model Ninth Circuit Instruction 3.6

6   **Stipulated Instruction No. 62 Re: Deadlocked Jury**

7        • Model Ninth Circuit Instruction 3.7

8   **Stipulated Instruction No. 63 Re: Continuing Deliberations after Juror is Discharged**

9        • Model Ninth Circuit Instruction 3.8

10

11  DATED:  May 17, 2017              BROWN, GEE & WENGER LLP

12

13                                    /s/ Katherine Wenger
                                      KATHERINE F. WENGER
14                                    Attorneys for Christopher R. O'Brien as
                                      Trustee of the Raymond F. O'Brien
15                                    Revocable Trust

16

17  DATED:  May 17, 2017              SEYFARTH SHAW LLP

18

19                                    /s/ Tatyana Shmygol
                                      TATYANA SHMYGOL
20                                    Attorneys for Defendant XPO CNW, Inc.
                                      and XPO Logistics, Inc.

21

22                        <u>**SIGNATURE ATTESTATION**</u>

23      I hereby attest that all signatories listed above, on whose behalf this stipulation is

24  submitted, concur in the filing's content and have authorized the filing.

25

26

27

28
                                                                              17

[PROPOSED] JURY INSTRUCTIONS
39129936v.1
39131951v.1

1

2    DATED:  May 17, 2017                    BROWN, GEE & WENGER LLP

3                                             /s/  Katherine Wenger
                                             KATHERINE F. WENGER
4                                            Attorneys for Plaintiff Christopher R.
                                             O'Brien as Trustee of the Raymond F.
5                                            O'Brien Revocable Trust

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                                                18