UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER R. O'BRIEN,<br><br>Plaintiff,<br><br>v.<br><br>XPO CNW, INC.,<br><br>Defendant. | Case No. 16-cv-03869-JCS<br><br>**ORDER GRANTING MOTION TO SET ASIDE SCHEDULING ORDER AND FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>Re: Dkt. No. 40 |

## I. INTRODUCTION

Plaintiff brings a Motion to Set Aside Scheduling Order and for Leave to File Amended Complaint based on the discovery of new information and documents that were produced just before the discovery cut-off that support new claims. The Court GRANTS Plaintiff's request and vacates the motion hearing that was set, on an expedited schedule, for May 26, 2017 at 9:30 a.m.

## II. ANALYSIS

### A. Legal Standard

Under Rule 16 of the Federal Rules of Civil Procedure, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause inquiry focuses primarily on "the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The decision to modify a scheduling order is within the broad discretion of the district court." *Benchmark Young Adult Sch., Inc. v. Launchworks Life Servs.*, LLC, No. 12-CV-02953-BAS BGS, 2014 WL 3014720, at *2 (S.D. Cal. July 3, 2014) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992)). Where a plaintiff seeks leave to amend its complaint after the deadline to do so has passed, the Court must decide as a threshold matter whether good cause has been established

under Rule 16. Once this threshold requirement is satisfied, the Court proceeds to address the question of whether amendment of the complaint is appropriate under Rule 15(a) of the Federal Rules of Civil Procedure. *Id*. at *3 ("If . . . the movant clears the Rule 16 bar, the Court proceeds to considering the motion [for leave to amend] under the usual standard of Rule 15") (citation omitted).

Pursuant to Rule 15(a), a party may amend a pleading once as a matter of course; subsequently, it may only amend after obtaining leave of the court, or by consent of the adverse party. *See* Fed.R.Civ.P. 15(a). Rule 15 advises the court that "leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a)(2). "[T]his policy is to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc*., 244 F.3d 708, 712 (9th Cir. 2001). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma County Ass'n of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). These factors are referred to as the "*Fomen* factors." *Id*. The *Fomen* factors "are not of equal weight in that delay, by itself, is insufficient to justify denial of leave to amend." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citations omitted). Prejudice, on the other hand, is the weightiest and most important of the *Fomen* factors. *Sonoma County Ass'n of Retired Employees v. Sonoma County*, 708 F.3d at 1117 (citing *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003)).

**B.     Discussion**

The Court finds that Plaintiff's request to amend the complaint after the deadline for amendment has passed is supported by good cause under Rule 16(b) because the request is not a result of any lack of diligence on Plaintiff's part. To the contrary, the documents that were recently produced are, on their face, highly significant and should have been produced when the parties informally exchanged documents in October 2016. Plaintiff reasonably believed such significant documents were encompassed by the parties' agreement to exchange important

2

documents in the case and did not show a lack of diligence in relying on that agreement. Therefore, the Court concludes that Plaintiff's request satisfies Rule 16(b)(4).

The Court further concludes that leave to amend is in the interest of justice under Rule 15(a). In addition to the Court's finding that Plaintiff did not engage in any undue delay, the Court concludes Defendants will not suffer significant prejudice as the new claims overlap with the claims already asserted in this action and the delay caused by permitting the amendment is not likely to exceed six months. Defendants' reliance on the ages of two important witnesses – 74 years and 81 years old – is not sufficient to demonstrate prejudice where Defendants concede that these witnesses are in good health and that they have no reason to believe they will have any difficulty appearing at the previously scheduled June trial.

Therefore, the Court **vacates all dates** in this action, including the **May 26, 2016 motion hearing, the June 16, 2017 Pretrial Conference, and the trial currently set for June 26-28.** The parties shall meet and confer and submit a joint proposed schedule for this case by **June 16, 2017.** A Case Management Conference is set for **June 23, 2017 at 2:00 a.m.**

**IT IS SO ORDERED.**

Dated: May 22, 2017

JOSEPH C. SPERO
Chief Magistrate Judge

3