UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER R. O'BRIEN,<br><br>Plaintiff,<br><br>v.<br><br>XPO CNW, INC.,<br><br>Defendant. | Case No. 16-cv-03869-JCS<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 70 |

Defendants ask the Court for leave to file a motion for reconsideration of the Court's May 22, 2017 order permitting Plaintiff to amend his complaint to assert claims based on recently produced documents ("Motion for Leave"). The Motion for Leave is DENIED.

In order to prevail on a motion for leave to file a motion for reconsideration, a party must demonstrate diligence in bringing the motion and one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b).

Here, Defendants contend the Court erred in concluding that the documents that were not produced until March 2017 should have been produced in October 2016. Defendants further contend Plaintiff should not have been permitted to amend his complaint because Plaintiff's

1 counsel was not diligent in seeking these documents. They also argue that to the extent Plaintiff
2 relies on an informal agreement to produce important documents in the case rather than the formal
3 discovery obligations of Rule 26, that argument was raised for the first time in Plaintiff's Reply
4 brief and should not be considered. The Court rejects Defendants' arguments.

First, Defendants' argument that they did not have an opportunity to respond to Plaintiff's assertion that the parties agreed to an informal exchange of key documents early in the case is incorrect. At the May 12, 2017 Case Management Conference, the Court engaged in an extended colloquy with counsel on the circumstances surrounding the production of the documents at issue in Plaintiff's motion to amend. At that time, Plaintiff's counsel represented that the parties had entered into an informal agreement to engage in an early exchange of "key" documents and Defendants' counsel did not challenge that assertion, though she argued that the documents at issue were not significant. The Court opined at the Case Management Conference that the documents at issue were "very important documents" and therefore should have been produced under this agreement *even if* Defendants did not have a "formal obligation" to produce them under Rule 26. In addition to having an opportunity to respond on this question at the Case Management Conference, Defendants also had a chance to address the issue in their Opposition brief, which was not due for almost a week after the Case Management Conference (and was filed several days *before* the Court issued its order granting Plaintiff's motion for leave to amend).

Second, the declaration provided by Defendants in support of their Motion for Leave describing the discussions between counsel regarding informal discovery does not persuade the Court that the parties did not agree to exchange important documents informally. *See* Docket No. 70-1 (Knudson Decl.). Ms. Knudson states that she "participated in a telephone conference with Plaintiff's counsel, Katherine Wenger, on July 27, 2016" and that *"[a]mong the matters we discussed* was the naming of the wrong entities as defendants in Plaintiff's Complaint." Knudson Decl. ¶ 4 (emphasis added). She further states that she "never agreed to provide to Plaintiff's counsel *all* of the relevant documents in Defendant's possession in October 2016, nor did I agree to provide Plaintiff's counsel with *all* acquisition documents before formal discovery." *Id*. ¶ 9 (emphasis in original). Ms. Knudson does not, however, dispute that counsel agreed to an

2

informal exchange of the *important* documents in the case. Thus, Defendants point to nothing in the Motion for Leave that persuades the Court that it erred in concluding that such an agreement existed (or that failure to produce the documents violated the agreement).

Finally, in light of the focus on deposing the original plaintiff in this action quickly due to his age and the parties' settlement efforts in the fall of 2016, the Court concludes that Plaintiff was diligent in propounding the request for production that resulted in the production of the documents at issue here. Therefore, even assuming that the parties did *not* have an informal agreement to exchange the important documents in this case and Defendants are correct that they were not obligated to produce them in the fall of 2016, the Court would exercise its discretion to permit amendment by Plaintiff as a result of the production of these very important documents.

For these reasons, the Motion for Leave is DENIED.

**IT IS SO ORDERED.**

Dated: June 2, 2017

JOSEPH C. SPERO
Chief Magistrate Judge