SEYFARTH SHAW LLP
G. Daniel Newland (SBN 87965)
Email: dnewland@seyfarth.com
Laura J. Maechtlen (SBN 224923)
E-mail: lmaechtlen@seyfarth.com
Chantelle C. Egan (SBN 257938)
E-mail: cegan@seyfarth.com
Megha J. Charalambides (SBN 310892)
Email: mcharalambides@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, CA 94105-2930
Telephone:   (415) 397-2823
Facsimile:    (415) 397-8549

Attorneys for Defendants
XPO CNW, INC. and XPO LOGISTICS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER R. O'BRIEN, AS TRUSTEE OF THE RAYMOND F. O'BRIEN REVOCABLE TRUST,<br><br>Plaintiff,<br><br>v.<br><br>XPO CNW, INC., a Delaware corporation, XPO LOGISTICS, INC., a Delaware Corporation,<br><br>Defendants. | Case No. 4:16-cv-03869-JSW<br><br>**DEFENDANTS' PROPOSED VERDICT FORM**<br><br>Judge:        Hon. Jeffrey S. White<br>Trial Date:  February 3, 2020<br><br>Amended Complaint Filed: June 5, 2017 |

Pursuant to the Court's Standing Order (Guidelines for Trial and Final Pretrial Conference in Civil Jury Cases), Defendants XPO Logistics, Inc. (hereinafter, "XPO Logistics") and XPO CNW, Inc. (hereinafter, "XPO CNW") (collectively, "Defendants"), hereby submit their Proposed Special Verdict Form, attached hereto as Exhibit A.

In submitting the attached Proposed Special Verdict Form, Defendants reserve the right to make changes and to supplement this Special Verdict Form, based upon developments at trial, any errors and omissions in the parties' submissions, and any jury instructions or special verdict form proposed by the Plaintiff or the Court.

DATED: December 30, 2019                Respectfully submitted,

                SEYFARTH SHAW LLP

                By: */s/ Chantelle C. Egan*
                   G. Daniel Newland
                   Laura J. Maechtlen
                   Chantelle C. Egan
                   Megha J. Charalambides

                Attorneys for Defendant
                XPO CNW, INC. and XPO LOGISTICS, INC.

# EXHIBIT A

# SPECIAL VERDICT FORM

We, the Jury, in the above-entitled action and upon our oath, make the following findings:

## PRIVILEGE TO PROTECT OWN FINANCIAL INTEREST

[CACI 2210]

1. Do you find that Defendant XPO Logistics is the parent company of XPO CNW?

   ___ Yes          ___ No

   Proceed to Question #2.

2. Do you find that XPO Logistics has a financial interest in the business of XPO CNW?

   ___ Yes          ___ No

   Proceed to Question #3.

3. Do you find that XPO Logistics acted reasonably and in good faith to protect its financial interest?

   ___ Yes          ___ No

   Proceed to Question #4.

4. Do you find that XPO Logistics used appropriate means to protect its financial interest?

   ___ Yes          ___ No

   If your answers to Questions #2, #3, and #4 are all "Yes," you should skip to Question #14. If your answer to any of these three questions (Questions #2, #3, and #4) is "No," please go to the next question.

## INTENTIONAL INTERFERENCE WITH CONTRACT
### (XPO LOGISTICS, INC.)

[CACI VF-2201]

5. Do you find that Gordon Devens, acting on behalf of XPO CNW, caused XPO CNW to discontinue payments to Raymond O'Brien through O'Brien Interests Inc.?

___ Yes            ___ No

If your answer to Question #5 is "Yes," you should skip to Question #14. If your answer is "No," please go to the next question.

6. Do you find that Gordon Devens, on behalf of XPO Logistics, knew a valid contract existed between XPO CNW and Raymond O'Brien?

___ Yes            ___ No

If your answer to Question #6 is "No," you should skip to Question #14. If you answered "Yes," please go to the next question.

7. Do you find that XPO Logistics' employee Gordon Devens instructed XPO CNW to discontinue payments to Raymond O'Brien through O'Brien Interests Inc.?

___ Yes            ___ No

If your answer to Question #7 is "No," you should skip to Question #14. If your answer is "Yes," please go to the next question.

8. Do you find that XPO Logistics' conduct prevented XPO CNW's performance under the contract between XPO CNW and Raymond O'Brien or made such performance more difficult?

___ Yes            ___ No

If your answer to Question #8 is "No," and you should skip to Question #14. If you answered "Yes," please go to the next question.

4

9. Do you find that XPO Logistics either intended to disrupt XPO CNW's performance under its contract with Raymond O'Brien or that XPO Logistics knew that disruption of performance was certain or substantially certain to occur?

        \_\_\_ Yes         \_\_\_ No

If your answer to Question #9 is "No," you should skip to Question #14. If you answered "Yes," please go to the next question.

10. Do you find that XPO Logistics' conduct was a substantial factor in causing financial harm to Raymond O'Brien?

        \_\_\_ Yes         \_\_\_ No

If your answer to Question #10 is "No," you should skip to Question #14. If you answered "Yes," you have found that XPO Logistics is liable for Intentional Interference with Contract, and please go to the next question.

## **FINANCIAL ELDER ABUSE**

(XPO LOGISTICS, INC.)

[CACI VF-3100]

11. Was Raymond O'Brien 65 years of age or older at the time of the conduct?

        \_\_\_ Yes         \_\_\_ No

If your answer to Question #11 is "No," you should skip to Question #14. If you answered "Yes," please go to the next question.

12. Do you find that XPO Logistics knew or should have known by instructing XPO CNW to discontinue the $6,000 payment to O'Brien Interests Inc. that Raymond O'Brien would have been harmed?

        \_\_\_ Yes         \_\_\_ No

If your answer to Question #12 is "No," you should skip to Question #14.  If you answered "Yes," please go to the next question.

13. Do you find that Gordon Devens's conduct, on behalf of XPO Logistics, in instructing XPO CNW to stop the monthly $6,000 payments to O'Brien Interests Inc., was a substantial factor causing harm to Raymond O'Brien?

    ___ Yes           ___ No

If your answer to Question #13 is "No," you should skip to Question #14.  If you answered "Yes," you have found that XPO Logistics is liable for Financial Elder Abuse, and please go to the next question.

## **FINANCIAL ELDER ABUSE**
### (XPO CNW, INC.)
### [CACI VF-3100]

14. Was Raymond O'Brien 65 years of age or older at the time of the conduct?

    ___ Yes           ___ No

If your answer to Question #14 is "No," you should skip to Question #18.  If you answered "Yes," please go to the next question.

15. Do you find that Gordon Devens, as an employee of XPO CNW, knew or should have known that stopping payments to O'Brien Interests Inc. would breach XPO CNW's contract with Raymond O'Brien?

    ___ Yes           ___ No

If your answer to Question #15 is "No," you should skip to Question #18.  If you answered "Yes," please go to the next question.

16. Do you find that in stopping payments from XPO CNW to O'Brien Interests Inc., Gordon Devens's acted wrongfully?

       ___ Yes        ___ No

If your answer to Question #16 is "No," you should skip to Question #18.  If you answered "Yes," please go to the next question.

17. Do you find that Gordon Devens's conduct in stopping monthly $6,000 payments to O'Brien Interests Inc. on behalf of XPO CNW, was a substantial factor causing harm to Raymond O'Brien?

       ___ Yes        ___ No

If your answer to Question #17 is "No," please go to the next question.  If you answered "Yes," you have found that XPO CNW is liable for Financial Elder Abuse, and please go to the next question.

## DAMAGES

**Intentional Interference With Contract (XPO Logistics, Inc.)**

18. Have you found that XPO Logistics is liable for Intentional Interference With Contract?

       ___ Yes        ___ No

If your answer to Question #18 is "No," you should skip to Question #26.  If you answered "Yes," please go to the next question.

19. You have found XPO Logistics liable for Intentional Interference With Contract. What are Raymond O'Brien's damages?

   a. Past economic loss for non-performance of the contract: $ [ _____ ]

20. Did Plaintiff prove by clear and convincing evidence that Gordon Devens was an officer, director, or managing agent of XPO Logistics when he interfered with the contract?

   ___ Yes            ___ No

   If your answer to Question #20 is "No," you should skip to Question #22. If you answered "Yes," please go to the next question.

21. You have found XPO Logistics liable for damages resulting from Raymond O'Brien's pain and suffering caused by XPO Logistics' intentional interference with contract.

   a. What are Raymond O'Brien's damages for past non-economic loss for pain and suffering arising solely from XPO Logistics' harm incurred before death:

                                                            $ [ _____ ]

                                           Total:           $ [ _____ ]

**Elder Abuse (XPO Logistics, Inc.)**

22. Have you found that XPO Logistics is liable for Financial Elder Abuse?

   ___ Yes            ___ No

   If your answer to Question #22 is "No," you should skip to Question #26. If you answered "Yes," please go to the next question.

23. You have found XPO Logistics liable for Financial Elder Abuse. What are Raymond O'Brien's Damages?

   a. Past economic loss for non-performance of the contract: $ [ _____ ]

24. Did Plaintiff prove by clear and convincing evidence that Gordon Devens was an officer, director, or managing agent of XPO Logistics when he interfered with the contract?

___ Yes          ___ No

If your answer to Question #24 is "No," you should skip to Question #26.  If you answered "Yes," please go to the next question.

25. Did Plaintiff prove by clear and convincing evidence that Raymond O'Brien suffered from emotional distress and pain and suffering solely from XPO Logistics' conduct of interfering with the contract between XPO CNW and Raymond O'Brien?

    ___ Yes          ___ No

If your answer to Question #25 is "No," you should skip to Question #26.  If you answered "Yes," please go to the next question.

   a. You have found XPO Logistics liable for pain and suffering.  What are Raymond O'Brien's damages for past non-economic loss for pain and suffering arising solely from XPO Logistics' harm incurred before death:      $ [ _____ ]

                                              Total:     $ [ _____ ]

**Elder Abuse (XPO CNW, Inc.)**

26. Have you found that XPO CNW is liable for Financial Elder Abuse?

    ___ Yes          ___ No

If your answer to Question #26 is "No," please have the presiding juror sign and date this Special Verdict Form and inform the courtroom attendant that the jury has reached its verdict.  If you answered "Yes," please go to the next question.

27. You have found XPO CNW liable for Financial Elder Abuse.  What are Raymond O'Brien's Damages?

   a. Past economic loss for non-performance of the contract:      $ [ _____ ]

9

28. Did Plaintiff prove by clear and convincing evidence that Gordon Devens was an officer, director, or managing agent of XPO CNW when discontinuing the payments to O'Brien Interests Inc.?

    ___ Yes      ___ No

If your answer to Question #28 is "No," please have the presiding juror sign and date this Special Verdict Form and inform the courtroom attendant that the jury has reached its verdict. If you answered "Yes," please go to the next question.

29. Did Plaintiff prove by clear and convincing evidence that Raymond O'Brien suffered from emotional distress and pain and suffering solely from XPO CNW's conduct of discontinuing its payments to O'Brien Interests Inc.?

    ___ Yes      ___ No

If your answer to Question #29 is "No," please have the presiding juror sign and date this Special Verdict Form and inform the courtroom attendant that the jury has reached its verdict. If you answered "Yes," please go to the next question.

  a. You have found XPO CNW liable for pain and suffering. What are Raymond O'Brien's damages for past non-economic loss for pain and suffering arising solely from XPO CNW's harm incurred before death:   $ [ _____ ]

                Total:   $ [ _____ ]

Dated: _____      Signed: _____
                        Presiding Juror

After this verdict form has been signed, this verdict form must be delivered to the clerk.