KATHERINE F. WENGER/ CA SB# 223045
MARISSA R. BOYD/ CA SB# 319255
BROWN, GEE & WENGER LLP
200 Pringle Avenue, Suite 400
Walnut Creek CA 94596
Telephone: (925) 943-5000
Facsimile: (925) 933-2100
kwenger@bgwcounsel.com
mboyd@bgwcounsel.com

ATTORNEYS FOR PLAINTIFF
CHRISTOPHER R. O'BRIEN,
AS TRUSTEE OF THE RAYMOND F. O'BRIEN
REVOCABLE TRUST

SEYFARTH SHAW LLP
G. Daniel Newland (SBN 87965)
Email: wland@seyfarth.com
Laura J. Maechtlen (SBN 224923)
Email: lmaechtlen@seyfarth.com
Chantelle C. Egan (SBN 257938)
Email: cegan@seyfarth.com
Megha J. Charalambides (SBN 310892)
Email: mcharalambides@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105-2930
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendants
XPO CNW, INC. and XPO LOGISTICS, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER O'BRIEN as trustee of the Raymond F. O'Brien Revocable Trust,<br><br>PLAINTIFF,<br><br>v.<br><br>XPO CNW, INC., and XPO LOGISTICS INC.,<br><br>DEFENDANTS. | CASE NO. 4:16-cv-03869-JSW<br>Filed: 5/27/16<br><br>**PLAINTIFF'S OBJECTIONS TO DEFENDANTS' WRITTEN DISCOVERY DESIGNATIONS; DEFENDANTS' RESPONSES THERETO**<br>TRIAL DATE: 2/3/2020<br>TIME:      8:00 AM<br>DEPT.:      Courtroom 5<br><br>HONORABLE JEFFREY S. WHITE |

1  Plaintiff Christopher O'Brien as Trustee of the Raymond F. O'Brien Revocable Trust,
2 objects to Defendants' use of the following written discovery (identified by Defendants in their
3 December 27, 2019 Written Discovery Designation):  Plaintiff's Responses to XPO CNW, Inc.
4 Request for Admissions, Set One, Response Nos. 3, 5 & 7.  The text of these responses is
5 attached hereto as Exhibit 1.
6  Plaintiff objects to the use of these discovery responses on the grounds that the
7 information set forth in such responses is not relevant to this matter and confusing, misleading
8 and unfairly prejudicial to Plaintiffs.  *See* F.R.E. 401-403. *See also* Plaintiff's Motion in Limine
9 No. 2.
10  Defendants' Response:
11  As set forth in Plaintiff's Witness List, attached to the Joint [Proposed] Trial Order,
12 Plaintiff Christopher O'Brien is being offered to testify concerning "Raymond O'Brien's career
13 with and service to Con-Way."  Plaintiff's inability to provide fulsome responses to Request for
14 Admission, Nos. 3, 5, and 7, which concern Raymond O'Brien's basic compensation and
15 retirement information while employed by or serving on the Board of Con-Way, is evidence of
16 Plaintiff's lack of knowledge regarding his anticipated testimony.  *See* Fed. R. Evid. 602 ("A
17 witness may not testify to a matter unless evidence is introduced sufficient to support a finding
18 that the witness has personal knowledge of the matter.").  Moreover, if permitted to testify as to
19 this topic, Defendants' ability to impeachment would be compromised without these
20 designations.
21  Additionally, as more fulsomely set forth in Defendants' Opposition to Plaintiff's Motion
22 in Limine No. 2, Raymond O'Brien's sources of income from Defendant XPO CNW, Inc. (Con-
23 Way's successor) are relevant to Defendants' intent and knowledge elements to the remaining
24 elder abuse and intentional interference with contract claims.  For example, Devens considered
25 that Raymond O'Brien was receiving retirement benefits in his analysis of whether CNW was
26 contractually obligated to pay the $6,000 invoiced by O'Brien Interests, Inc.  Furthermore, being
27 the emotional distress allegations were pursued after Raymond O'Brien's death, Defendants have
28 limited available evidence to defend against these allegations.  Thus, Defendants must be able to

present evidence of Raymond O'Brien's finances in order to evaluate the purported emotional value of the loss of $6,000 to him.

DATED:  December 29, 2019        BROWN, GEE & WENGER LLP

*/s/ Katherine F. Wenger*
KATHERINE F. WENGER
Attorneys for Christopher R. O'Brien as Trustee of the Raymond F. O'Brien Revocable Trust

DATED: December 30, 2019        Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Chantelle C. Egan*
Chantelle C. Egan
Attorneys for Defendants
XPO Logistics, Inc. and XPO CNW, Inc.

### SIGNATURE ATTESTATION

I hereby attest that all signatories listed above, on whose behalf this stipulation is submitted, concur in the filing's content and have authorized the filing.

DATED: December 30, 2019        */s/ Chantelle C. Egan*
Chantelle C. Egan
Attorneys for Defendants
XPO Logistics, Inc. and XPO CNW, Inc.

60928360v.1

# EXHIBIT 1

KATHERINE F. WENGER/ CA SB# 223045
BROWN, GEE & WENGER LLP
200 Pringle Avenue, Suite 400
Walnut Creek CA 94596
Telephone: (925) 943-5000
Facsimile: (925) 933-2100
kwenger@bgwcounsel.com

ATTORNEYS FOR PLAINTIFF
CHRISTOPHER O'BRIEN,
AS TRUSTEE OF THE RAYMOND F. O'BRIEN
FAMILY TRUST

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTOPHER O'BRIEN, AS TRUSTEE OF THE RAYMOND F. O'BRIEN FAMILY TRUST,<br><br>PLAINTIFF,<br><br>v.<br><br>XPO LOGISTICS WORLDWIDE, INC., a Delaware corporation; CON-WAY GLOBAL SOLUTIONS, INC., a Delaware corporation; and DOES 1-20, inclusive,<br><br>DEFENDANTS. | CASE NO. 4:16-cv-03869-JCS<br>Filed: 5/27/16<br><br>PLAINTIFF'S RESPONSE TO DEFENDANT XPO CNW, INC.'S REQUEST FOR ADMISSIONS, SET ONE |

**PROPOUNDING PARTY:**     Defendant XPO CNW, INC.

**RESPONDING PARTY:**     Plaintiff CHRISTOPHER O'BRIEN, AS TRUSTEE OF THE RAYMOND F. O'BRIEN FAMILY TRUST

**SET NO.:**     One

Pursuant to Code of Civil Procedure ("Code Civ. Proc.") § 2031.210 et. seq., Plaintiff Christopher O'Brien, as Trustee of the Raymond F. O'Brien Family Trust ("**Responding**

1

PLAINTIFF'S RESPONSE TO DEFENDANT'S XPO CNW, INC.'S REQUEST FOR ADMISSIONS, SET ONE

1  **Party"**) hereby provides these objections and response to REQUEST FOR ADMISISONS, Set
2  One, propounded by Defendant XPO CNW, INC. **("Propounding Party")**.

REQUEST FOR ADMISSIONS NO: 1:

Please admit that from 1977 to 1988, and then again from 1990 to 1991 YOU served as Chief Executive Officer of CON-WAY.

RESPONSE TO REQUEST FOR ADMISSIONS NO: 1:

Responding Party objects to this request to the extent it seeks information which is equally available to Propounding Party. Responding Party also objects to the use of the terms "YOU" and "CON-WAY", as defined, as rendering the request compound and unintelligible and also objects to the request as generally compound. Responding Party further objects to the term "served" as vague and ambiguous. Responding Party also objects to this request to the extent it seeks information that is not relevant to the claims or defenses of either party.

Subject to and without waiving the foregoing objection, Plaintiff states that, based on the deposition testimony provided by Raymond O'Brien in this matter, he is informed and believes that from 1977 through April of 1988 and 1990-1991 XPO CNW, Inc. (formerly known as Con-Way, Inc. and before that Consolidated Freightways, Inc.), employed Raymond O'Brien as its Chief Executive officer. Otherwise, Responding Party states despite a good faith, reasonable inquiry, he does not have information sufficient to admit or deny the remainder of this request as written, and has no means of readily obtaining such information.

REQUEST FOR ADMISSIONS NO: 2:

Please admit that from in 1988 you retired from your position as the Chief Executive Officer of CON-WAY.

2

PLAINTIFF'S RESPONSE TO DEFENDANT XPO CNW, INC.'S REQUEST FOR ADMISSIONS, SET ONE

RESPONSE TO REQUEST FOR ADMISSIONS NO: 2:

Plaintiff objects to this request as vague and ambiguous and in particular objects to the term "you" without defining that term. Responding Party further objects to the terms "retired" and "position" as vague and ambiguous. Responding Party also objects to the term "CON-WAY" as defined as rendering the request compound and unintelligible. Responding Party further objects to this request to the extent it seeks information which is equally available to Propounding Party. Responding Party also objects to this request to the extent it seeks information that is not relevant to the claims or defenses of either party.

Subject to and without waiving the foregoing, Responding Party states that he is informed and believes based on the testimony of Raymond O'Brien provided in this matter, that in April of 1988 Raymond O'Brien stopped serving as Chief Executive Officer of XPO CNW, Inc. (formerly known as Con-Way, Inc. and before that Consolidated Freightways, Inc.). Otherwise, despite a good faith, reasonable inquiry, Responding Party does not have information sufficient to admit or deny this request as written, and has no means of readily obtaining such information.

REQUEST FOR ADMISSIONS NO: 3:

Please admit that YOU received a yearly salary for each year you served as the Chief Executive Officer of CON-WAY.

RESPONSE TO REQUEST FOR ADMISSIONS NO: 3:

Plaintiff objects to this request as vague and ambiguous and in particular objects to the term "yearly salary". Responding Party also objects to the use of the term "YOU" and "CON-WAY", as defined, as rendering the request compound and unintelligible. Responding Party further objects to this request as seeking information that is not relevant to a claim or defense of any party. Responding Party also objects to this request to the extent it seeks information which

3

PLAINTIFF'S RESPONSE TO DEFENDANT XPO CNW, INC.'S REQUEST FOR ADMISSIONS, SET ONE

is equally available to Propounding Party. Responding Party further objects to this request to the extent it seeks Raymond O'Brien's personal financial information protected by Raymond O'Brien's right to privacy as set forth in Article I, Section I of the California Constitution.

Subject to and without waiving the foregoing objections, Responding Party states that he is unable to admit or deny this request based on its ambiguity and based on the fact that, despite a good faith, reasonable inquiry, he does not have knowledge of all of the details regarding of all of the compensation that Raymond O'Brien received when he was employed by XPO CNW, Inc. (formerly known as Con-Way, Inc. and before that Consolidated Freightways, Inc.) as its Chief Executive Officer, and has no means of readily obtaining such information.

REQUEST FOR ADMISSIONS NO: 4:

Please admit that YOU sometimes received a performance-based bonus for serving as Chief Executive Officer of CON-WAY.

RESPONSE TO REQUEST FOR ADMISSIONS NO: 4:

Responding Party objects to this request as vague and ambiguous and in particular objects to the term "performance-based bonus" as vague and ambiguous. Responding Party also objects to the use of the term "YOU" and "CON-WAY", as defined, as rendering the request compound and unintelligible. Responding Party further objects to this request as seeking information that is not relevant to any claim or defense in this matter. Responding Party further objects to this request to the extent it seeks information which is equally available to Propounding Party. Responding Party also objects to this request to the extent it seeks Raymond O'Brien's personal financial information protected by Raymond O'Brien's right to privacy as set forth in Article I, Section I of the California Constitution.

Subject to and without waiving the foregoing objection, Responding Party states despite a

4

PLAINTIFF'S RESPONSE TO DEFENDANT XPO CNW, INC.'S REQUEST FOR ADMISSIONS, SET ONE

good faith, reasonable inquiry, he does not have information sufficient to admit or deny this request, and has no means of readily obtaining such information.

REQUEST FOR ADMISSIONS NO: 5:

Please admit that you received RETIREMENT BENEFITS for your service as CON-WAY's employee.

RESPONSE TO REQUEST FOR ADMISSIONS NO: 5:

Responding Party objects to this request as vague and ambiguous and in particular objects to the use of the word "you" without defining that term. Responding Party further objects to the use of the term "CON-WAY" as defined as rendering the request compound and unintelligible. Responding Party also objects to the term as "RETIREMENT BENEFITS" as vague and ambiguous and as rendering the request compound. Responding Party further objects to the term "service as a CON-WAY" employee as vague and ambiguous and as calling for a legal conclusion. Responding Party also objects to this request as seeking information that is not relevant to any of the parties claims or defenses Responding Party further objects to this request to the extent it seeks information which is equally available to Propounding Party. Responding Party also objects to this request to the extent it seeks Raymond O'Brien's personal financial information protected by Raymond O'Brien's right to privacy as set forth in Article I, Section I of the California Constitution.

Subject to and without waiving the foregoing objections, Responding Party states that based on the testimony of Raymond O'Brien during his deposition in this matter, at some time after April of 1988, Raymond O'Brien received payments from a pension plan from XPO CNW, Inc. (formerly known as Con-Way, Inc. and before that Consolidated Freightways, Inc.). In addition, Responding Party is also informed and believes based on the testimony of Raymond

5

PLAINTIFF'S RESPONSE TO DEFENDANT XPO CNW, INC.'S REQUEST FOR ADMISSIONS, SET ONE

O'Brien in this matter, that after April of 1988, Raymond O'Brien received health care benefits paid for by XPO CNW, Inc. (formerly known as Con-Way, Inc. and before that Consolidated Freightways, Inc.). Otherwise, Responding states that he is unable to admit or deny the remainder of this request due both to the ambiguity of this request, and also due to the fact that, despite a good faith, reasonable inquiry, he does not have information sufficient to admit or deny this request, and has no means of readily obtaining such information.

REQUEST FOR ADMISSIONS NO: 6:

Please admit that from 1966 to 1995 YOU served on the Board of Directors of CON-WAY.

RESPONSE TO REQUEST FOR ADMISSIONS NO: 6:

Responding Party objects to this request as vague and ambiguous. Responding Party also objects to the use of the terms "YOU" and "CON-WAY", as defined, as rendering the request compound and unintelligible. Responding Party also objects to the use of the phrase "served on the Board of Directors of CON-WAY" as vague and ambiguous. Responding Party further objects to this request to the extent it seeks information which is equally available to Propounding Party. Responding Party also objects to this request to the extent it seeks information that is not relevant to the claims or defenses of either party.

Subject to and without waiving the foregoing objections, Responding Party states that he is informed and believes based on the testimony of Raymond O'Brien in his deposition in this matter, that from 1966 through 1995, Raymond O'Brien served on XPO CNW, Inc. (formerly known as Con-Way, Inc. and before that Consolidated Freightways, Inc.)'s board of directors. In addition, after 1995 Raymond O'Brien continued to serve as Chairman Emeritus of XPO CNW, Inc. (formerly known as Con-Way, Inc. and before that Consolidated Freightways, Inc.).

6

PLAINTIFF'S RESPONSE TO DEFENDANT XPO CNW, INC.'S REQUEST FOR ADMISSIONS, SET ONE

1  Otherwise, Responding states that he is unable to admit or deny the remainder of this request due
2  to the fact that, despite a good faith, reasonable inquiry, he does not have information sufficient
3  to admit or deny this request, and has no means of readily obtaining such information.

REQUEST FOR ADMISSIONS NO: 7:

Please admit that after YOU received compensation from CON-WAY for serving on its Board of Directors, which compensation was separate from and in addition to any compensation provided pursuant to the alleged AGREEMENT or AGREEMENT AS MODIFIED.

RESPONSE TO REQUEST FOR ADMISSIONS NO: 7:

Responding Party objects to this request as vague, ambiguous and unintelligible as written. Responding further objects to this request as compound and disjunctive. Responding Party also objects to the use of the terms "YOU" and "CON-WAY", as defined, as rendering this request compound and unintelligible. Responding Party further objects to the use of the terms "separate", and "compensation" as vague and ambiguous. Responding Party also objects to this request as seeking information that is not relevant to any of the parties claims or defenses. Responding Party further objects to this request to the extent it seeks information which is equally available to Propounding Party. Responding Party also objects to this request to the extent it seeks Raymond O'Brien's personal financial information protected by Raymond O'Brien's right to privacy as set forth in Article I, Section I of the California Constitution.

Subject to and without waiving the foregoing, Responding Party states that due to the unintelligible nature of this request, and due to the fact that, despite a good faith, reasonable inquiry, he does not have, and has no means of readily obtaining information on all of the compensation and benefits provided to Raymond O'Brien, he is unable to respond to admit or deny this request.

7

PLAINTIFF'S RESPONSE TO DEFENDANT XPO CNW, INC.'S REQUEST FOR ADMISSIONS, SET ONE

Please admit that the Board of Directors of CON-WAY had the complete authority and ability to change the terms of the alleged AGREEMENT AS MODIFIED.

RESPONSE TO REQUEST FOR ADMISSIONS NO: 14:

Responding Party objects to this request as vague and ambiguous and to the extent it calls for a legal conclusion. Responding Party also objects to this request as compound. Responding Party further objects to the use of the term "CON-WAY" as defined as rendering this request vague, ambiguous, compound and unintelligible. Responding Party further objects to the phrase "complete authority and ability" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Responding Party denies that XPO CNW, Inc. (formerly known as Con-Way, Inc. and before that Consolidated Freightways, Inc.)'s Board of Directors or anyone else had the authority to change the terms of the AGREEMENT AS MODIFIED without Raymond O'Brien's consent.

DATED: March 28, 2017

BROWN, GEE & WENGER LLP

*/s/ Katherine W./*

KATHERINE F. WENGER
Attorneys for Plaintiff
Christopher O'Brien, as Trustee of the
Raymond F. O'Brien Family trust

PLAINTIFF'S RESPONSE TO DEFENDANT XPO CNW, INC.'S REQUEST FOR ADMISSIONS, SET ONE