KATHERINE F. WENGER/ CA SB# 223045
MARISSA R. BOYD/ CA SB# 319255
BROWN, GEE & WENGER LLP
200 Pringle Avenue, Suite 400
Walnut Creek CA 94596
Telephone: (925) 943-5000
Facsimile: (925) 933-2100
kwenger@bgwcounsel.com

Attorneys for Plaintiff
CHRISTOPHER R. O'BRIEN, AS TRUSTEE OF
THE RAYMOND F. O'BRIEN REVOCABLE
TRUST

SEYFARTH SHAW LLP
G. Daniel Newland (SBN 87965)
Email: dnewland@seyfarth.com
Laura J. Maechtlen (SBN 224923)
Email: lmaechtlen@seyfarth.com
Chantelle C. Egan (SBN 257938)
Email: cegan@seyfarth.com
Megha J. Charalambides (SBN 310892)
Email: mcharalambides@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, CA 94105-2930
Telephone:     (415) 397-2823
Facsimile:     (415) 397-8549

Attorneys for Defendants
XPO CNW, INC. and
XPO LOGISTICS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER O'BRIEN as trustee of the Raymond F. O'Brien Revocable Trust,<br><br>Plaintiff<br><br>v.<br><br>XPO CNW, INC., a Delaware corporation, | Case No. 4:16-cv-03869-JSW<br><br>**JOINT [PROPOSED] VOIR DIRE QUESTIONS**<br><br>Complaint Filed:   May 27, 2016 |

XPO LOGISTICS WORLDWIDE, INC.

    Defendants.

# JOINT PROPOSED VOIR DIRE QUESTIONS

Pursuant to the Court's Pretrial Order, Plaintiff Christopher O'Brien, as Trustee of the Raymond F. O'Brien Revocable Trust ("Plaintiff"), and Defendants XPO CNW, Inc. ("CNW" and XPO Logistics Worldwide, Inc. ("XPO") (collectively "Defendants") have met and conferred in good faith regarding a joint set of proposed voir dire questions for the Court to ask and jointly propose the following questions:

1. What city do you live in?  How long have you lived there?
2. Do you own your home?
3. What you ever sold your home or other real property?
4. What is your marital status?
5. What is your highest grade completed?  If you have a degree or certificate, what was your major field of study?
6. What is your occupation?  (If you are currently retired or unemployed, please give us details concerning your prior occupation, if applicable)
    a. Where are you employed?
    b. How long have you worked there?
    c. What is your job title and what are your job duties?
    d. Do you have any responsibilities that involve entering into contracts or approving expenses?  If yes, please describe.
    e. Does your occupation involve any work with the elderly or aging?
    f. Have you ever done volunteer work of any kind with elderly people?
    g.
7. What is the occupation of your spouse or significant other?  (If they are currently retired or unemployed please give us details regarding their prior occupation, if applicable.)

2

    a. Where is he/she employed?

    b. How long has he/she worked there?

    c. What is his/her job title and job duties?

    d. Does he/she have any responsibilities that involve entering into contracts and/or approving expenses? If yes, please describe.

    e. Does he/she have any responsibilities that involve dealing with the elderly and/or aging individuals?

    f. Has he/she ever done volunteer work of any kind with elderly people?

8. Have you and/or your spouse/significant other ever worked for a large corporation?

9. Have you and/or your spouse ever worked for a public company?

10. Are you and/or your spouse/significant other retired? If so:

    a. How long have you and/or your spouse/significant other been retired?

    b. What is your and/or your retired spouse/significant other's source of income?

    c. What percentage, if any, of either your and/or spouse/significant other's retirement income comes from a former employer?

11. Do you have any children? If yes, please list their gender, ages and occupations.

12. Do you have now, or have you in the past had, any aging parents or grandparents?

    a. If yes, did you provide care for your aging parent or grandparent?

13. Have you ever served on the Board of Directors of a company?

    a. If yes, please list the names of the company and the dates of service.

    b. Did your responsibility as a Director include approving contracts or other corporate commitments? If so, please describe.

14. Have you ever served on a jury?

    a. What kinds of cases did you serve on?

    b. Did you reach a verdict?

    c. Were you ever the foreperson?

    d. What did you think of the experience of serving?

15. Are you involved in any community, charitable, or professional activities or organizations? If yes, please list.
16. Do you give, or have you given in the past, a recurring donation to a specific charity?
17. Do you or anyone close to you have any legal training or experience, including work as a lawyer, judge, paralegal, or in the court system?
18. Have you or anyone close to you ever been sued or had a complaint for money damages made against you?
    a. What was the nature of the case?
    b. What was the resolution?
    c. Were you satisfied with the outcome?
19. Have you or anyone close to you ever sued anyone or made a complaint for money damages?
    d. What was the nature of the case?
    e. What was the resolution?
    f. Were you satisfied with the outcome?
20. Have you ever been a party to a lawsuit or other legal proceeding?
    a. If so, what was the nature of the case?
    b. What was your role in the case?
    c. Were you the plaintiff or defendant?
    d. Did you testify in deposition or at trial?
    e. How was the case resolved?
    f. Were you satisfied with the outcome?
21. Aside from what you have already mentioned, have you ever testified in court, given a deposition, or participated in a lawsuit in any other manner?
22. Have you heard anything regarding this case before coming to court today?
23. Are you familiar with any of the following entities:
    a. Consolidated Freightways, Inc.
    b. CNF, Inc.
    c. Con-way, Inc.

        d. XPO CNW, Inc.
        e. XPO Logistics, Inc.
        f. Menlo Logistics
        g. O'Brien Interests, Inc.
        h. Brock LLC
    a. If so, how?
    b. Have you or any family member ever worked for any of the above entities?

24. The following people might testify as witnesses in this case. If you know any of these people please raise your hand when I finish reading the list. I'll then give you a chance to explain who you know and how do you know them.
        a. Raymond O'Brien
        b. Christopher O'Brien
        c. Keith Kennedy
        d. Douglas Stotlar
        e. Jennifer Pileggi
        f. Lary Scott
        g. Gordon Devens
        h. Stephen Krull
        i. Sharon Ferro
        j. Kathleen O'Brien
        k. Elizabeth McKinley (AKA Betty Pipeson)
        l. Dr. Paul S. Berg
        m. Dr. Glenn Hammel

25. Do you know any of the attorneys in this case or any of the employees in their respective firms?

26. Some witnesses in this case will not appear live in court; instead, they will have their deposition testimony read to you or a video of their deposition will be shown.
    a. Will you be able to pay attention to this testimony?

      b. Will you be able to keep an open mind and evaluate their testimony as if they were actually here in court?

27. Have you ever been the trustee or administrator of a family member's estate?

28. Do you have personal feelings about the elderly or aging individuals that are either favorable or unfavorable?

29. Has an elderly person in your life ever been subjected to elder abuse where they were taken advantage of financially?

30. Do you believe that an elderly or aging person can advocate for him or herself?

31. Do you believe that if a person is elderly or aging his memory will be more or less accurate than a younger person? If so, what is that belief based upon?

32. Do you believe that an elderly or aging person is less likely to be truthful than someone who is younger?

33. The original Plaintiff in this case, Raymond O'Brien, passed away at the age of 94. After he passed away, his son, who is trustee of Mr. O'Brien's trust was substituted in as Plaintiff in this matter. Will any of those facts impact your ability to be fair to either Plaintiff or Defendants?

34. Do you agree or disagree with the statement, "The process of aging can cause distress."?

35. Do you believe a person can suffer emotional distress or mental pain and suffering due to being denied money they believe they are entitled to?

36. Do you agree or disagree with the statement, "I don't really trust large corporations."?

37. Do you have any strong feelings concerning senior executives at large corporations? If so, what are those feelings?

38. Do you have any strong feelings concerning attorneys being employed at large corporations? If so, what are those feelings?

39. Would you agree that corporations, as well as individuals, are entitled to a fair trial?

40. Do you feel that just because an individual has sued a corporation that he or she is entitled to recover damages?

41. Do you believe that if a case goes to trial, it must have merit?

42. Have you ever been involved in any manner in the acquisition and/or merger of a company? What was your experience?

43. Have you ever believed a company breached its contract with you or your spouse or partner? If yes, did this breach cause a monetary loss?

44. Have you or a close family member or friend ever been involved in a dispute regarding whether a contract was actually formed or was legally binding? If so, please explain.

45. Have you or a close family member thought you entered into a contract with another person or entity and the other side disagreed that there was a binding agreement? If so, please describe that experience.

46. Have you or a close family member or friend ever been eligible for or received retirement benefits? Please describe.

47. Is there anything that has not been asked that you believe is important for the Court and the parties to know regarding your ability to serve as an impartial juror in this case?

In addition, Plaintiff requests that the following additional questions also be asked to the jury:

48. Do you feel that the retirement benefits you or your spouse receive/have received from your former employer are fair?

49. Have any of your or your spouse's former employer's ever stopped paying, reduced and/or withdrawn any retirement benefits? If so, did you think this was fair?

50. What factors do you think employers should consider to determine an individual's retirement benefits?

Plaintiff believes that good cause exists to ask questions 48-50 to potential jurors during voir dire because these questions are directly relevant to the key issues in the case, it is necessary and it is therefore crucial to obtain information about any biases that jurors may have regarding surrounding these issues, and Defendant has objected to and refused to agree to these questions being asked. While Defendant claims that the payments at issue are not a retirement benefit, Defendant itself has previously described the payments at issue as "Retirement Benefits". *See* Declaration of Katherine Wenger in Support of Motion to Set Aside Scheduling Order and File Amended Complaint, Exs. D-E (ECF No. 40-1) and in addition, throughout discovery have attempted to make analogies to

Defendant's rights relating to certain retirement plans Defendant had for other employees, and Plaintiff expects Defendant will attempt to make those arguments at trial.

Defendants object to questions 48-50 as irrelevant and highly prejudicial. The payments at issue in the litigation differ significantly from vested retirement benefits that jurors are likely to be familiar with. Further, as to proposed questions 48-49, specifically, the inquiry whether a prospective juror's retirement benefits are "fair" is both impermissibly vague and irrelevant. Similarly, proposed questions 48-50 are wholly irrelevant as this dispute does not involve either the computation of or the eligibility criteria for retirement benefits, especially as that term is commonly used. Moreover, asking proposed questions 48-50 will give jurors the impression that traditional retirement benefits are at issue in this case, which is not only incorrect but also highly prejudicial. Whether Defendants have previously either used or analogized to that term in prior court documents has nothing to do with whether the term will be prejudicial at trial or will confuse the jury.

| | | |
|---|---|---|
| 1 | DATED: December 30, 2019 | Respectfully submitted, |
| 2 | | BROWN, GEE & WENGER LLP |

By: /s/ Katherine Wenger
      Katherine Wenger

Attorneys for Plaintiff
CHRISTOPHER R. O'BRIEN AS TRUSTEE OF THE
RAYMOND F. O'BRIEN REVOCABLE TRUST

DATED: December 30, 2019      SEYFARTH SHAW LLP

By: /s/ Chantelle C. Egan
      G. Daniel Newland
      Laura J. Maechtlen
      Chantelle C. Egan
      Megha J. Charalambides

Attorneys for Defendant
XPO CNW, INC. and XPO LOGISTICS, INC

### SIGNATURE ATTESTATION

I hereby attest that all signatories listed above, on whose behalf this stipulation is submitted, concur in the filing's content and have authorized the filing.

DATED:  December 30, 2019      BROWN, GEE & WENGER LLP

  /s/  Katherine Wenger
KATHERINE F. WENGER
Attorneys for Plaintiff Christopher R.
O'Brien as Trustee of the Raymond F.
O'Brien Revocable Trust

60915644v.1
60925318v.1