KATHERINE F. WENGER/ CA SB# 223045
MARRISA R. BOYD/CA SB #319255
BROWN, GEE & WENGER LLP
200 Pringle Avenue, Suite 400
Walnut Creek CA 94596
Telephone: (925) 943-5000
Facsimile: (925) 933-2100
kwenger@bgwcounsel.com

ATTORNEYS FOR PLAINTIFF
CHRISTOPHER R. O'BRIEN,
AS TRUSTEE OF THE RAYMOND F. O'BRIEN
REVOCABLE TRUST

SEYFARTH SHAW LLP
G. Daniel Newland (SBN 87965)
Email:  dnewland@seyfarth.com
Laura J. Maechtlen (SBN 224923)
E-mail:  lmaechtlen@seyfarth.com
Chantelle C. Egan (SBN 257938)
E-mail: cegan@seyfarth.com
Megha J. Charalambides (SBN 310892)
Email:  mcharalambides@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, CA 94105-2930
Telephone:     (415) 397-2823
Facsimile:     (415) 397-8549
Attorneys for Defendants
XPO CNW, INC.
and XPO Logistics, Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER  F. O'BRIEN, as trustee of the Raymond O'Brien Revocable Trust ,<br><br>PLAINTIFF,<br><br>v.<br><br><br>XPO CNW, Inc., a Delaware Corporation, XPO LOGISTICS INC., a Delaware corporation;<br><br>DEFENDANTS. | CASE NO. 4:16-cv-03869-JSW<br>Filed: 5/27/16<br><br>[PROPOSED] FINAL PRETRIAL ORDER<br><br>HONORABLE JEFFREY S. WHITE |

1

1       Pursuant to the Court's Case Management and Pretrial Order, Plaintiff Christopher R.

2   O'Brien, in his capacity as Trustee of the Raymond F. O'Brien Family Trust ("Plaintiff" or

3   "Christopher O'Brien"), and Defendants XPO CNW, Inc. ("CNW") (formerly known as Con-

4   Way, Inc., CNF, Inc., CNF Transportation, Inc., and before that Consolidated Freightways, Inc.)

5   and XPO Logistics, Inc. ("XPO") (collectively "Defendants") (collectively the "Parties") jointly

6   submit the following [Proposed] Final Pretrial Order for the jury trial scheduled to commence on

7   February 3, 2020.

8   **I.      CLAIMS AND DEFENSES**

9           **A.      Plaintiff's Claims**

10      This matter was originally filed by Raymond O'Brien in May 2016.[1]  Due to Raymond

11  O'Brien's death in February of 2017, Christopher O'Brien, in his capacity as the Trustee for

12  Raymond F. O'Brien Revocable Trust, substituted in as the plaintiff.  Thereafter Plaintiff filed an

13  Amended Complaint, which is the current operative pleading and includes claims for breach of

14  contract (against CNW), elder abuse (against CNW and XPO) and intentional interference with

15  contract (against XPO).  All of these claims are based on and seek to recover damages that

16  Plaintiff alleges Raymond O'Brien suffered as a result of CNW discontinuing the monthly

17  $6,000 payment to Raymond O'Brien in December 2015 (an action which Plaintiff alleges was

18  undertaken at XPO's direction).  In December of 2018, the Court granted Plaintiff's motion for

19  partial summary judgment as to his first cause of action for breach of contract against CNW.  *See*

20  ECF No. 165 ("MSJ Order").[2]

21      The claims that remain to be adjudicated by the jury are elder abuse and intentional

22  interference with contract.  Damages that Plaintiff seeks to recover include economic damages,

23  ─────────────────────

24  [1] Due to the fact that multiple individuals with the last name O'Brien are involved in this matter, Raymond O'Brien is referred to by his full name rather than just "Raymond O'Brien" and for the

25  same reason, Plaintiff Christopher O'Brien is referred to as either Plaintiff or Christopher O'Brien.

26  [2] In referencing the MSJ Order, including its factual finding that there was a contract between CNW and Raymond O'Brien, Defendants do not waive their objections or right to appeal the

27  MSJ Order.  Likewise, Defendants respectfully object to and do not concede to the findings in

28  the MSJ Order, expressly reserving their right to appeal.

2

non-economic damages (emotional distress/pain and suffering), punitive damages and treble damages as set forth below.

### B.   Defendants' Defenses[3]

Defendants deny having knowledge or awareness that a valid contract was formed between Raymond O'Brien and Consolidated Freightways, Inc., in or around 1987, and further deny knowledge or awareness that said contract was modified in or around 2006. Defendants contend that because they reasonably had no knowledge of the existence of an enforceable contract at the time of the alleged breach and alleged interference, Plaintiff's claims for intentional interference with contract against XPO, and financial elder abuse against CNW and XPO fail.  Defendants further contend the conduct at issue was not performed with malice, oppression, or fraud, nor did their conduct result in severe emotional distress to Raymond O'Brien.

Defendants also claim that as a stranger to the contract between CNW and Raymond O'Brien, XPO cannot be liable for intentional interference with contract or elder abuse.  XPO asserts  the affirmative defense of privilege.

## II.   RELIEF SOUGHT

Plaintiff, through his claim for financial elder abuse seeks to recover from CNW and XPO the following:

1.   $6,000 a month from December 1, 2015 through February 3, 2017 ($90,000), with prejudgment interest at a rate of 10% per annum pursuant to Civil Code section 3287 and 3289;

2.   Damages for emotional distress in the amount $250,000 as provided by California Welfare and Institutions Code section 15657.5(b);

3.   Punitive Damages of $1,000,000 pursuant to California Civil Code section 3294 and California Welfare and Institutions Code section 15657.5(c);

4.   An additional $2,000,000 in treble damages as provided for by California Civil Code section 3345; and

---

[3] Notwithstanding the MSJ Order, CNW denies that it had a contract with Raymond O'Brien, as alleged in Plaintiff's First Amended Complaint.

5.      Attorneys' Fees and Costs in an amount to be determined via post-judgment motion pursuant to California Welfare and Institutions Code section 15657.5(a).

Plaintiff, through his claim for intentional interference with contract seeks to recover from XPO the following:

1.      $6,000 a month from December 1, 2015 through February 3, 2017 ($90,000), with prejudgment interest at a rate of 10% per annum pursuant to Civil Code section 3287 and 3289;

2.      Punitive Damages of $1,000,000 pursuant to California Civil Code section 3294

3.      An additional $2,000,000 in treble damages as provided for by Civil Code section 3345.

## III.    STIPULATED FACTS

The Parties stipulate to the following facts:

1.      Consolidated Freightways, Inc. was a publicly traded corporation.

2.      From 1958-1988 and then again from 1990-1991 Raymond O'Brien ("Raymond O'Brien" or "O'Brien") was employed by a company named Consolidated Freightways, Inc.

3.      O'Brien  served as Consolidated Freightways, Inc.'s Chief Executive Officer ("CEO") from 1977 to 1988, and then again from July 30, 1990 to 1991.

4.      O'Brien served as a director on Consolidated Freightways, Inc.'s Board of Directors from 1966 until April 1995.

5.      O'Brien was the Chairman of Consolidated Freightways, Inc. Board of Directors from 1979 through April 1995.

6.      In 1987, Lary Scott was the President of Consolidated Freightways, Inc.

7.      On November 23, 1987, Lary Scott, signed the letter identified as Trial Exhibit 3 and transmitted that letter to O'Brien.

8.      On November 24, 1987, Lary Scott  signed the letter identified as Trial Exhibit 4 and sent that letter to O'Brien.

9.      On November 30, 1987, O'Brien signed the letter identified as Trial Exhibit 5 and sent that letter to Lary Scott.

10.      Consolidated Freightways, Inc.'s name changed three times between 1997 and

4

2006: first to CNF Transportation, Inc. in or around December 1996; second to CNF, Inc. in or around 2001; and third to Con-Way, Inc. in or around 2006 (collectively as to all names listed, "the Company").

11.     From 1988 through 2005, the Company employed O'Brien's secretary, Elizabeth McKinley (AKA Betty Pipeson).

12.     Following Mr. O'Brien's retirement as CEO in 1988,  Ms. McKinley worked solely with O'Brien.

13.     Ms. McKinley retired in late 2005.

14.     From January 1, 2006 to November 1, 2015, inclusive, the invoices bearing the bates numbers RO000063-RO000182 (contained within Trial Exhibit 20) were received by the Company and the Company paid these invoices.

15.     XPO Logistics, Inc. ("XPO") is a publicly traded corporation.

16.     On September 9, 2015, the Company entered into the merger agreement identified as Trial Exhibit 86 (the "Merger Agreement") with XPO whereas, as of October 30, 2015, XPO acquired all shares of the Company's stock (the "Merger Transaction").

17.     On October 30, 2015, the Merger Transaction closed, and the Company became a wholly owned subsidiary of XPO.

18.     In or around  November 1, 2015, CNW received the invoice attached as Trial Exhibit 22 to the Company and the Company remitted payment on that invoice.

19.     On or around November 4, 2015, the Company changed its name to XPO CNW, Inc. ("CNW").

20.     From 2011 through 2015, Gordon Devens was employed by XPO Logistics, Inc. ("XPO") as its General Counsel and Senior Vice President.

21.     From 2015 through February of 2017 Gordon Devens was employed by XPO as its Chief Legal Officer and Senior Vice President.

22.     From October 30, 2015 through 2017 Gordon Devens served as Vice President, Secretary and a Director of XPO CNW, Inc.

[PROPOSED] FINAL PRETRIAL ORDER

23.     At the time that CNW ceased the $6,000 payment to O'Brien Interests, Inc. ("OBI"), Raymond O'Brien was in his 90s.

24.     Raymond O'Brien passed away on February 3, 2017, at the age of 94.

25.     Christopher O'Brien is currently the sole trustee of the Raymond F. O'Brien Revocable Trust (the "Trust").

## IV.     FACTUAL ISSUES THAT REMAIN TO BE TRIED

### A.     Intentional Interference with Contract

Plaintiff's View of Factual Issues to be Tried

1.     Whether XPO undertook an intentional act designed to induce a breach or disruption of CNW's contractual relationship with Raymond O'Brien.

2.     Whether at the time that Gordon Devens instructed and caused CNW to stop making monthly payments to Raymond O'Brien he was acting on behalf of XPO or instead was acting on behalf of CNW.

3.     Whether Bradley Jacobs and/or Gordon Devens (acting on behalf of XPO) ratified CNW's conduct.

4.     Whether XPO (acting through Gordon Devens and Bradley Jacobs) in causing CNW to stop payments to O'Brien was acting to protect a legitimate financial interest in CNW's contract with O'Brien

5.     Whether XPO was acting only to protect its financial interest.

6.     Whether XPO in causing CNW to stop payments to O'Brien, did so using appropriate means.

7.     Whether XPO's actions were reasonable and in good faith.

8.     Whether XPO's actions were a substantial factor in causing Raymond O'Brien harm.

9.     Whether XPO acted with oppression, fraud or malice.

10.     The amount of damages suffered by Raymond O'Brien as a result of XPO's conduct.

Defendants' View of Factual Issues Remaining to be Tried[4]

---

[4] Defendants list of remaining issues to be tried is submitted subject to their objection identified

[PROPOSED] FINAL PRETRIAL ORDER

1.      Whether Gordon Devens ("Devens"), on behalf of XPO, was acting as a stranger to the contract between Raymond O'Brien and CNW.

2.      Whether Devens, on behalf of XPO, had knowledge of the existence of a valid contract between Raymond O'Brien and CNW at the time of the alleged interference with contractual relations.

3.      Whether Devens, on behalf of XPO, undertook an intentional act designed to induce a breach or disruption of CNW's contractual relationship with Raymond O'Brien.

4.      Whether XPO had a legitimate financial interest in the contractual relations as a result of its ownership of CNW.

5.      Whether XPO was acting only to protect its financial interest.

6.      Whether XPO in causing CNW to stop payments to OBI, did so using appropriate means to protect its financial interests.

7.      Whether XPO's actions were reasonable and in good faith to protect its financial interests.

8.      Whether XPO's actions were a substantial factor in causing Raymond O'Brien harm.

9.      Whether XPO acted with oppression, fraud or malice.

10.     The amount of damages suffered by Raymond O'Brien as a result of XPO's conduct.

**B.      Elder Abuse**

<u>Plaintiff's View of Factual Issues Remaining to be Tried</u>

1.      Whether CNW and/or XPO (i) took, hid appropriated or retained Raymond O'Brien's property,  or (ii) assisted in taking/hiding/appropriating/obtaining or retaining Raymond O'Brien's property;

2.      Whether either CNW and/or XPO (i) took, hid, appropriated, obtained or retained, or (ii) assisted in taking, hiding, appropriating, obtaining, or retaining the property of Raymond O'Brien for a wrongful use or with the intent to defraud;

---

in footnote 2.

3.     Whether CNW and/or XPO, in stopping the $6,000 a month payment being made (or providing direction for such payments to be stopped) acted with recklessness, oppression, fraud or malice.

4.     Whether Raymond O'Brien suffered mental pain and suffering or emotional distress as a result of CNW and/or XPO's actions.

5.     Whether CNW and/or XPO actions were malicious, oppressive, fraudulent, and/or in reckless disregard of Raymond O'Brien's rights.

6.     The amount of damages suffered by Raymond O'Brien.

<u>Defendants' View of Factual Issues to Be Tried:[5]</u>

1.     Whether Devens, on behalf of CNW, took, secreted, appropriated, or retained real or personal property of an elder adult for wrongful use.

2.     Whether Devens, on behalf of XPO, instructed CNW to take, secret, appropriate, or retain real or personal property of an elder adult for wrongful use.

3.     Whether Devens, on behalf of CNW, took, secreted, appropriated, or retained real or personal property of an elder adult with intent to defraud.

4.     Whether Devens, on behalf of XPO, instructed CNW to take, secret, appropriate, or retain real or personal property of an elder adult with intent to defraud.

5.     Whether Plaintiff can prove that Devens when acting on behalf of CNW, acted with oppression, fraud, or malice.

6.     Whether Devens when acting on behalf of XPO, acted with oppression, fraud, or malice.

7.     Whether Raymond O'Brien was financially harmed due to CNW's conduct.

8.     Whether Raymond O'Brien was financially harmed due to XPO's conduct.

9.     Whether Raymond O'Brien suffered severe emotional distress due to CNW's conduct.

---

[5] Defendants list of remaining issues to be tried is submitted subject to their objection identified in footnote 2.

[PROPOSED] FINAL PRETRIAL ORDER

10.     Whether Raymond O'Brien suffered severe emotional distress due to XPO's conduct.

11.     Whether Devens was an officer, a director, or a managing agent of CNW, at the time he acted on behalf of CNW.

12.     Whether Devens was an officer, a director, or a managing agent of XPO, at the time he acted on behalf of XPO.

13.     Whether CNW's alleged breach of contract was a substantial factor in causing Raymond O'Brien's harm.

14.     Whether XPO's alleged interference with the alleged contract between Raymond O'Brien and CNW was a substantial factor in causing Raymond O'Brien's harm

15.     Whether XPO and CNW's interests were aligned.

16.     Whether XPO acted with proper means.

17.     Whether the actions of Gordon Devens, on behalf of XPO, were fair and reasonable under the circumstances.

## V.     STIPULATIONS

The Parties have stipulated to the admissibility of Exhibits 2-8, 10, 12-17, 20, 23, 27, 30, 32-34, 43, 45-46, 54, 68, 72, 76, 86-87, 89; 91-93, 99-100, 102-104, 107-108, 111, 118-120, 124-128, 134, 138-141,153-154, 157, 163, 200, 204, 211-215, 223-224, 227, 229, 231, 234 and also to the foundation/authenticity of all exhibits except Trial Exhibits 235-243.  The Parties will continue to meet and confer in an effort to stipulate to the admissibility and authenticity of all remaining exhibits.

The Parties have also stipulated that the cross examination of any witnesses (at the election of the party doing cross) may exceed the scope of direct examinations, to the extent the witness appears on all Parties' respective Witness Lists, so that witnesses will only be obligated to testify once at trial.

All Parties have designated various documents and testimony confidential subject to the Protective Order in place in this action (ECF No. 33). The Parties agree that for the purposes of trial, that the Parties need not continue to treat such information as confidential and subject to the

Protective Order except for the following:

Trial Exs. 13, 30 & 126, Notwithstanding the foregoing stipulation, other than for the purposes of trial, the Parties shall continue to be bound by and abide by the terms of the Protective Order in place.

**VI.    JOINT EXHIBIT LIST**

Attached hereto as Appendix A is a copy of the Parties' Joint Exhibit List.

**VII.   WITNESS LISTS**

Attached hereto as Appendix B is a copy of the Parties' respective Witness Lists.

**VIII.  ISSUES TO BE DECIDED BY THE COURT**

The following issues are to be decided by the Court rather than the jury after the jury had made its factual findings:

1.    Over Defendants' objection as to MSJ Order, the total damages to be awarded against CNW and in favor of Plaintiff, including any and all prejudgment interest, on Plaintiff's breach of contract claim.

2.    Any prejudgment interest owed, if any, on any amount awarded in favor of Plaintiff on his claims for intentional interference and elder abuse as provided for by California Civil Code section 3287 and 3289.

3.    The form of entry of judgment, accounting for the different (and potentially overlapping) damages that may be awarded on different claims.

4.    If Plaintiff obtains a jury verdict in its favor on his claim for Elder Abuse, the issue of Plaintiff's entitlement to attorneys' fees and costs will be decided by the Court pursuant to California Welfare and Institutions Code section 15657.5(a).

The Parties believe these are legal issues that should be decided by the Court.

1

2          DATED:  December30, 2019                    BROWN, GEE & WENGER LLP

3                                                      /s/  Katherine Wenger
4                                                      KATHERINE F. WENGER
                                                       Attorneys for Christopher R. O'Brien as
5                                                      Trustee of the Raymond F. O'Brien
                                                       Revocable Trust
6

7          DATED: December 30, 2019                    SEYFARTH SHAW LLP

8

9                                                      //s/  Chantelle Egan
                                                       CHANTELLE EGAN
10                                                     Attorneys for Defendant XPO CNW, Inc.
                                                       and XPO Logistics, Inc.
11

12                                    **ORDER**

13    The above PROPOSED ORDER is approved as the Final Pre-Trial Order for this case

14          IT IS SO ORDERED.

15

16    Dated:                          _____
                                      Honorable Jeffrey S. White
17

18

19

20

21

22

23

24

25

26

27

28

                                                                                        11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAYMOND F. O'BRIEN, an individual,
                        Plaintiff,
        v.
XPO LOGISTICS WORLDWIDE, INC., a
Delaware corporation; CON-WAY GLOBAL
SOLUTIONS, INC., a Delaware corporation;
and DOES 1-20, inclusive,
                        Defendants.

Case No. 3:16-cv-03869-JCS

**APPENDIX A**

**JOINT EXHIBIT LIST**

| PLAINTIFF'S EXHIBIT NUMBER | DESCRIPTION | DATE OFFERED INTO EVIDENCE | DATE RECEIVED INTO EVIDENCE | LIMITATIONS ON USE |
|---|---|---|---|---|
| 1 | Defendants Notice of Removal (ECF No. 1) | | | |
| 2 | Verified Complaint of Raymond O'Brien | | | |
| 3 | Letter from Lary Scott to Raymond O'Brien 11/23/87 RO000197-RO000198 Raymond O'Brien Deposition Ex. 3 | | | |
| 4 | Letter from Lary Scott to Raymond O'Brien 11/24/87 RO000199  Raymond O'Brien Deposition Ex. 4 | | | |

[PROPOSED] FINAL PRETRIAL ORDER

| | | | | | |
|---|---|---|---|---|---|
| 5 | Letter from Raymond O'Brien to Lary Scott dated 11/30/87 RO000200  Raymond O'Brien Deposition Ex. 5 | | | | |
| 6 | Letter from Raymond O'Brien to Consolidated Freightways Advisory Nominating Committee and Compensation Committee 11/30/87 XPO000051-XPO000056 Raymond O'Brien Deposition Ex. 6 | | | | |
| 7 | Letter from Raymond O'Brien to Consolidated Freightways Board of Directors 11/30/87 Raymond O'Brien Deposition Ex. 7 | | | | |
| 8 | Company Disclosure Letter to The Agreement and Plan of Merger by and among XPO Logistics, Inc. and Con-Way Inc. 9/9/15 XPO001149-XPO001291 | | | | |
| 9 | Bates Stamped/Produced Versions of Exs. 3-7 (November 1987 correspondence) XPO000043-48, 51-56 | | | | |
| 10 | October 10, 2015 invoice from O'Brien Interests, Inc. to Con-Way, Inc. XPO000347 | | | | |
| 11 | O'Brien Interests, Inc. Statement to Con-Way Transportation 5/18/16 RO000190-RO000196 | | | | |
| 12 | Con-Way Inc. Section 3.1(H) Employee Benefits to Disclosure Letter XPO000315-XPO000324 | | | | |
| 13 | Restatement of the Raymond F. O'Brien and May O'Brien Revocable Trust  July 24, 1984 (Restatement Dated August 1, 2003) | | | | |

13

| 14 | Raymond O'Brien Assignment of Claims 10/14/16 RO000274-RO000278 | | | |
|---|---|---|---|---|
| 15 | Email from Gordon Devens to Renee O'Brien re Outstanding Invoices 3/8/16 11:25 a.m. RO000211-RO000213 (XPO-05622-5631) | | | |
| 16 | Email from Gordon Devens to Renee O'Brien, Ray O'Brien re Raymond F. O'Brien, 3/17/16 RO000203-RO000204 | | | |
| 17 | Email from Renee O'Brien to Gordon Devens re Raymond F. O'Brien 3/25/16 8:25 a.m. RO000214-RO000219 | | | |
| 18 | Consolidated Freightways, Inc. Compensation Committee Minutes of the Meeting of December 7, 1987 XPO-000021-22 | | | |
| 19 | Letter from Thomas Ford to Bob Weaver re:  Lease Amendment 9/18/92 XPO000383-XPO000384 | | | |
| 20 | O'Brien Interests Invoices to Con-Way Transportation/ XPO from 1/1/06 to 6/1/16 RO000063-RO000189 | | | |
| 21 | O'Brien Interests Invoices from  4/1/2011 through 6/2/2016.  XPO000326, CPO000328-334, XPO000337-356, XPO000362-367, XPO005597, R.O'Brien Deposition Ex. 9 | | | |

14

[PROPOSED] FINAL PRETRIAL ORDER

| | | | | |
|---|---|---|---|---|
| 22 | O'Brien Interests November 1, 2015 Invoice (Hot! Hot! Hot!) XPO000348 | | | |
| 32 | O'Brien Interests December 1, 2015 Invoice XPO000327 | | | |
| 24 | Email from Michele Reed to Victoria Turner re:  payments to Raymond O'Brien XPO000358-XPO000361 | | | |
| 25 | Consolidated Freightways Annual Directors Meeting 4/27/87 XPO000088-XPO000094 | | | |
| 26 | Letter from Donald Moffitt to CNF Transportation Director Affairs Committee 1/14/98 XPO000470-XPO000472 | | | |
| 27 | November 23, 1987 letter from Lary R. Scott to R.F. O'Brien signed by Donald Moffitt 4/19/91 XPO000044-45 | | | |
| 28 | February 10, 1998 Internal Memorandum from Donald E. Moffitt to Greg Quesnel and Eb Schmoller XPO002772-2773 | | | |

15

| | | | | | |
|---|---|---|---|---|---|
| 30 | Amendment to the Raymond F. O'Brien and May Ann O'Brien Revocable  - Trust Dated July 31, 2013 RO 000282-RO000286 (323-327) | | | | |
| 31 | Order Substituting Parties entered November 3, 2016 (ECF No. 23) | | | | |
| 33 | Email from Debbie Barks to Riina Tohvert (cc:  Uzma Ahmad) dated 2/17/2016 XPO000335-336 | | | | |
| 34 | Email from Riina Tohvert to Renee O'Brien re Outstanding Invoices 3/1/16 8:09 a.m. RO000201-RO000202 | | | | |
| 35 | Consolidated Freightways, Inc. Compensation Committee Minutes  12/7/87 XPO005736-5737 | | | | |
| 38 | Lease for 3000 Sand Hill Road signed January 7, 1988 XPO 000388-392 | | | | |
| 39 | Consolidated Freightways, Inc. Annual Directors Meeting April 25, 1988 | | | | |

16

| 41 | Consolidated Freightways Advisory Nominating Committee Minutes 7/29/91 XPO000624-XPO000626 | | | |
| 43 | September 9, 2015 Press Release regarding XPO Con-Way Acquisition (SEC Ex. 99.1) | | | |
| 44 | XPO Logistics, Inc. Form 8-K Dated March 19, 2014 XPO005647-5680 | | | |
| 45 | XPO Delegation of Authority Policy XPO-005681-5692 | | | |
| 46 | Declaration of Raymond F. O'Brien in Support of Trial Setting Preference Pursuant to Code of Civil Procedure § 36 with POS, filed June 24, 2016 | | | |

17

| | | | | | |
|---|---|---|---|---|---|
| 47 | XPO CNW, Inc.'s Response to Plaintiff's Special Interrogatories, Set. No. 1 | | | | |
| 48 | XPO CNW, Inc.'s Amended Response to Plaintiff's Special Interrogatories | | | | |

18

| 49 | XPO CNW, INC.'s Second Amended Response to Plaintiff's Special Interrogatories to XPO CNW, Inc., Set one 11/1/2017 | | | |
| 63 | XPO CNW, INC.'s Second Amended Response to Plaintiff's Special Interrogatories to XPO CNW, Inc., Set one 12/1/2017 | | | |

[PROPOSED] FINAL PRETRIAL ORDER

| | | | | | |
|---|---|---|---|---|---|
| 50 | XPO Logistics, Inc.'s Responses to Plaintiff's Special Interrogatories, Set One | | | | |
| 51 | Defendant XPO CNW, Inc.'s Response to Plaintiff's Requests for Admissions | | | | |

20

| | | | | |
|---|---|---|---|---|
| 52 | Defendant XPO CNW Inc.'s Amended Response to Plaintiff's Request for Admissions to XPO CNW, Inc., Set One | | | |
| 53 | XPO CNW, INC.'s Second Amended Response to Plaintiff's Requests for Admissions to XPO CNW, Inc., Set one 4/12/17 | | | |
| 54 | Email from Gordon Devens to Renee O'Brien, Riina Tohvert re Raymond F. O'Brien Past Due 4/15/16 RO000224-RO000225 | | | |
| 55 | Consolidated Freightways Advisory Nominating Committee Minutes 10/28/91 XPO000623 | | | |

21

| | | | | | |
|---|---|---|---|---|---|
| 56 | Letter from D.E. Moffitt to John Kelly re:  Raymond O'Brien Employment Status 1/13/92 XPO000020 | | | | |
| 57 | Lease Profile Form XPO000387 | | | | |
| 58 | Memo from Eb Schmoller to Donald Moffitt re R.F.O'B Status dated 11/18/93 XPO005716 | | | | |
| 59 | Consolidated Freightways Inc.'s Form DEF 14A XPO001292-XPO001342 | | | | |
| 60 | Memo from Eb Schmoller to Donald Moffitt re R.F.O'B Status dated 9/28/94 XPO005715 | | | | |
| 61 | Consolidated Freightways Inc.'s Form DEF 14 A XPO001343-XPO001394 | | | | |

[PROPOSED] FINAL PRETRIAL ORDER

| | | | | | |
|---|---|---|---|---|---|
| 62 | Letter from Donald Moffitt to the Board of Directors re: Naming Raymond O'Brien Chairman Emeritus 4/5/95 XPO000382 | | | | |
| 64 | Consolidated Freightways Annual Meeting of Directors 4/29/95 XPO000007-XPO000016 | | | | |
| 65 | Interoffice Memorandum from Kevin Coel to Donald Moffitt re: office costs 10/4/96 XPO000419 | | | | |
| 66 | Memo from Eb Schmoller to Don Moffitt re Retirement by CEO and Chairman3/10/97 XPO005717 | | | | |
| 67 | Letter from Eberhard Schmoller to CNF Transportation Inc. Compensation Committee 2/17/98 XPO005720-5721 | | | | |
| 68 | Memo from Kris Scoumperdis to Eb Schmoller re Further review, Company provided Administrative Support for Retiring CEO 3/2/98 XPO005727 | | | | |

23

[PROPOSED] FINAL PRETRIAL ORDER

| 69 | Consolidated Freightways, Inc. Compensation Committee Minutes of the Meeting of December 7, 1987 XPO-000021-22 | | | |
|----|----|----|----|----|
| 70 | Letter of Transmittal from Maureen Hagen to Mee Tha, Jackie Maude and Betsy Johnson 10/21/02 XPO000393-395 | | | |
| 71 | November 21, 2002 Letter from Donald Moffitt to Edberhard Schmoller XPO0000592 | | | |
| 72 | Email from Keith Kennedy to Doug Stotlar, Jim Allen and Jennifer Pileggi 9/14/05 Re: Former Chair Office Issues XPO000368 | | | |
| 73 | CNF Inc. Regular Meeting of directors 10/19/05 XPO000938 | | | |
| 74 | CNF Inc. Regular Meeting of Directors 12/5/05 XPO000944-XPO000948 | | | |
| 75 | Compensation Committee Meeting Minutes 12/5/05 XPO000671- XPO000694 | | | |
| 76 | Wells Fargo photocopies of checks from Con-Way Inc. to O'Brien Interests Inc. RO000001-RO000062 | | | |

24

| | | | | |
|---|---|---|---|---|
| 77 | CNF Inc. Regular Meeting of Directors 1/23/06 Revised 3/20/06 XPO001014-XPO001020 | | | |
| 78 | CNF, Inc. Administrative Expense Statement for the period February, 2006 XPO005755-5758 | | | |
| 80 | Letter from Donald Moffitt to Dr. Keith Kennedy 3/21/06 XPO002774-2775 | | | |
| 81 | Email from Rich McCallister to Jennifer Pileggi, Michele Reed re: HQZ Cost Center 10/25/2007 XPO 005813-5815 | | | |
| 83 | Con-Way Inc. Meeting of the Board of Directors 8/29/15 XPO000571-XPO000574. | | | |
| 85 | Con-Way Inc. Telephonic Meeting of the Board of Directors 9/8/15 XPO000591-XPO000606 | | | |
| 86 | Agreement and Plan of Merger by and among XPO Logistics, Inc. and Con-Way Inc. 9/9/15 XPO000232-XPO000314 | | | |
| 87 | September 9, 2015 letter from Douglas Stotlar to Former Employees MOFF114 | | | |

[PROPOSED] FINAL PRETRIAL ORDER

| | | | | | |
|---|---|---|---|---|---|
| 88 | September 30, 2015 email from Stephen Krull to Pamela Oxendine | | | | |
| 89 | Resolutions of the Board of Directors of Con-Way Inc. Adopted by Unanimous Written Consent 10/30/15 XPO000524-XPO000528 (XPO-005605-09) | | | | |
| 91 | By-Laws of XPO CNW, INC. f/k/a Con-Way Inc. 10/30/15 XPO000224-XPO000231; XPO000075-XPO00080 | | | | |
| 92 | Email from Riina Tohvert to Gordon Devens re: O'Brien and Moffitt Ongoing Obligations 11/6/2015 XPO005816 | | | | |
| 93 | Email from Gordon Devens to Uzma Ahmad re: Former CEOs 11/16/2015 XPO 005840 | | | | |
| 94 | Secretary of State Name Change Certificate of Qualification 11/11/15 XPO000001-XPO000004 | | | | |

26

| | | | | |
|---|---|---|---|---|
| 98 | Accounting Report of O'Brien Interests Transactions, Payments and Purchase Orders from 1/1/06 through 1/11/15 XPO000325 (excel file) | | | |
| 99 | XPO CNW, Inc. Unanimous Written Consent of Board of Directors in Lieu of Meeting XPO 005610-5612 | | | |
| 100 | Medical Records Produced by Dr. Richard Byrd, February 2018 | | | |
| 101 | Deposition of Sharon Ferro dated March 14, 2018 | | | |
| 102 | Email from Uzma Ahmad to Dan Egeler re: O'Brien Invoices 2/12/2016 XPO 005818 | | | |
| 104 | Email from Debbie Barks to Riina Tohvert re: O'Brien Interests Invoices 2/17/2016 XPO 5826-5839 | | | |
| 105 | Email from Katherine Wenger to Kelly Knudson re:  Ray O'Brien's deposition 12/6/2016 | | | |

[PROPOSED] FINAL PRETRIAL ORDER

| | | | | | |
|---|---|---|---|---|---|
| 106 | Email from Renee O'Brien to Gordon Devens re XPO Outstanding Invoices 3/8/16 11:14 a.m. RO000205-RO000210 | | | | |
| 107 | Email from Renee O'Brien to Gordon Devens (including Ray O'Brien) 3/17/2016 1:47 p.m.  XPO005632 | | | | |
| 108 | Email from Renee O'Brien to Gordon Devens re Raymond F. O'Brien 3/25/16 8:24 a.m. XPO005633-38 | | | | |
| 110 | Email from Ray O'Brien to Renee O'Brien re Raymond F. O'Brien 4/4/16 RO000220-RO000221 | | | | |
| 111 | Email from Renee O'Brien to Gordon Devens and Riina Tohvert 4/8/2016 10:13 a.m. XPO005641-42 (RO000222) | | | | |
| 115 | XPO CNW, Inc. Action by the Sole Stockholder by Written Consent in Lieu of Annual Meeting XPO005613 | | | | |
| 116 | Email from Gordon Devens to Dan Egeler re: Unassignment Admin - CES - Privileged 5/16/2016  XPO 005819-5825 | | | | |
| 117 | O'Brien Interest Invoice to Con-Way Transportation/ XPO 6/1/16 XPO000333-XPO000334 | | | | |

| | | | | |
|---|---|---|---|---|
| 118 | Email from Riina Tohvert to Gordon Devens July 29, 2016 8:45 a.m. XPO005645-46 | | | |
| 120 | LinkedIn Profile of Gordon Devens | | | |
| 121 | XPO Logistics Form 10-Q dated September 30, 2019 | | | |
| 123 | XPO Logistics, Inc. form 10-K for the Fiscal Year Ended December 31, 2015 | | | |
| 124 | Krull Documents re: Raymond O'Brien and Donald Moffit Retirement Benefits KRULL0001-KRULL0036 | | | |
| 125 | Consolidated Freightways By-Laws XPO001124-XPO001148 | | | |
| 126 | Declaration regarding Death of Trustee   R000317-322 | | | |
| 128 | Expert Report of Dr. Paul S.D. Berg P.H.D. | | | |
| 129 | Dr. Paul Berg File produced prior to deposition, including notes (Deposition Exs. 4-5), amended complaint, funeral program and deposition transcripts of Kathleen O'Brien, Christopher O'Brien and Raymond O'Brien | | | |
| 130 | CF, Inc. Link Publication RO00394-404 | | | |
| 131 | Legend of Con-Way Forward RO000405-407 | | | |
| 132 | Consolidated Freightways the First 50 Years RO328-393 | | | |

29

| | | | | | |
|---|---|---|---|---|---|
| 133 | Case Management and Pretrial Order (ECF No. 19) | | | | |
| 134 | Defendants' Initial Disclosures served October 7, 2016 | | | | |
| 103 | XPO CNW, Inc. Disclosures served April 24, 2017 | | | | |
| 119 | XPO Logistics, Inc. Initial Disclosures served July 7, 2017 | | | | |
| 23 | Defendants' Supplemental Initial Disclosures served November 1, 2017 | | | | |
| 135 | XPO CNW, INC.'s Answer to Plaintiff's Complaint 12/16/16 (ECF No. 25) | | | | |
| 136 | Order re Substitution of Plaintiff 3/14/17 (ECF No. 31) | | | | |
| 137 | Order Granting Motion to Set Aside Scheduling Order and For Leave to File Amended Complaint (ECF No. 66) | | | | |
| 138 | Plaintiff's First Amended Complaint (ECF No. 78) | | | | |
| 139 | Defendants' Answer to Plaintiff's First Amended Complaint (ECF No. 82) | | | | |
| 140 | Defendant's Third Amended Responses to Plaintiff's | | | | |

| | | | | | |
|---|---|---|---|---|---|
| | | Special Interrogatories | | | |
| | 141 | Declaration of Gordon Devens in Support of XPO CNW, Inc.'s and XPO Logistics, Inc.'s Motion for Summary Adjudication (ECF No. 141-2) | | | |
| | 142 | Court Order Granting Plaintiff's Motion for Partial Summary Judgment and Denying Defendants' Motion for Summary Adjudication (ECF No. 165) | | | |
| | 143 | Deposition Transcript of Raymond O'Brien (including all Exhibits and Videotape) 11/30/16, including errata | | | |
| | 144 | Email from Katherine Wenger to Knudson re: Errata Sheet from Raymond O'Brien January 13, 2017 | | | |
| | 145 | Deposition Transcript of Raymond O'Brien Volume II (including all Exhibits and Videotape) 1/17/17 | | | |
| | 146 | Deposition Transcript of Larry Scott 2/16/17 (See Deposition Designations) | | | |

[PROPOSED] FINAL PRETRIAL ORDER

| | | | | | |
|---|---|---|---|---|---|
| 147 | Deposition Transcript of Douglas Stotlar 2/23/17 (See Deposition Designations) | | | | |
| 148 | Deposition Transcript of Gordon Devens November 28, 2017 (See Deposition Designations) | | | | |
| 149 | Deposition Transcript of Stephen Krull March 9, 2017 (See Deposition Designations) | | | | |
| 153 | Email from Riina Tohvert tp Gordon Devens 2/25/2016 XPO-005617-5618 | | | | |
| 154 | Email from Riina Tohvert to Gordon Devens 3/4/2016 XPO005619-20 | | | | |
| 156 | Email from Riina Tohvert to Gordon Devens with Voicemail from O'Brien Interests 3/4/2016 XPO-005621 | | | | |
| 157 | Email from Riina Tozhvert to Gordon Devens 3/28/2016 9:49 a.m. XPO-005639-5642 | | | | |
| 158 | Email from Renee O'Brien to Gordon Devens and Riina Tohvert 4/13/2016 10:56 a.m. (Cc:  Ray O'Brien and Christopher O'Brien) XPO-005643-5644 | | | | |

| 159 | Defendant's Initial Production of Documents October 16, 2017 XPO00001-32 | | | |
| 160 | Defendant's Additional Production of Documents February 15, 2017, XPO000033-48 | | | |
| 161 | Plaintiff's Document Requests to Defendant served January 18, 2017 | | | |
| 162 | Email from to cbowers@seyfarth to Katherine Wenger dated March 28, 2017 re:  XPO Production | | | |
| 163 | Dr. Paul Berg CV | | | |
| 164 | Dr. Paul Berg Expert Report 11/30/2017 | | | |
| 165 | Deposition Transcript of Dr. Glenn Hammel (including all exhibits) May 2, 2018 | | | |

| DEFENDANT'S EXHIBIT NO. | DESCRIPTION | DATE OFFERED INTO EVIDENCE | DATE RECEIVED INTO EVIDENCE | LIMITATIONS ON USE |
|---|---|---|---|---|
| 200 | Letter from Thomas Ford to Raymond O'Brien, attaching Sand Hill Lease 1/20/88 Bates XPO000498-XPO000503 | | | |
| 201 | ER Real Estate Lease and Relocation Costs for CNF and MWW/MLG Headquarters 4/22/05 Bates XPO001003-XPO001005 | | | |
| 203 | CNF Transportation Inc.'s Form 10-K for fiscal year ended December 31, 1999 XPO004211-XPO004287 | | | |
| 204 | Meeting Minutes - Consolidated Freightways, Inc. Compensation Committee Meeting, November 30, 1987 Bates XPO000165-XPO000174 | | | |
| 205 | Con-way Inc. Meeting of Special Committee of the Board of Directors March 6, 2009 XPO000428-447 | | | |

34

[PROPOSED] FINAL PRETRIAL ORDER

| | | | | |
|---|---|---|---|---|
| 206 | Deposition Transcript of Christopher O'Brien 11/6/17 (including all Exhibits) | | | |
| 207 | Deposition Transcript of Kathleen O'Brien 11/9/17 (including all Exhibits) | | | |
| 208 | Deposition Transcript of Sharon Ferro 3/14/18 (including all Exhibits) | | | |
| 209 | Charter of the Compensation Committee of the Board of Directors of Con-way Inc. (effective June 25, 2013) Bates XPO  005686-XPO 005689 | | | |

[PROPOSED] FINAL PRETRIAL ORDER

| | | | | |
|---|---|---|---|---|
| 210 | Limited Power of Attorney (November 2, 2016) Bates RO 000279-RO 000280 | | | |
| 211 | Plaintiff's Initial Disclosures (October 7, 2016) | | | |
| 212 | Plaintiff's Supplemental Disclosures (December 12, 2016) | | | |
| 213 | Plaintiff's Second Supplement Disclosures (September 6, 2017) | | | |
| 214 | Plaintiff's Third Supplemental Disclosures (October 31, 2017) | | | |
| 215 | Plaintiff's Fourth Supplemental Disclosures (October 31,  2017) | | | |
| 216 | Plaintiff's Response to XPO CNW, Inc.'s Request for Admissions, Set One (March 28, 2017) | | | |

36

| | | | | |
|---|---|---|---|---|
| 217 | Plaintiff's Response to XPO CNW, Inc.'s Special Interrogatories, Set One (March 28, 2017) | | | |
| 218 | Plaintiff's Further Amended Responses to XPO CNW, Inc.'s Special Interrogatories, Set One (April 19, 2017) | | | |

[PROPOSED] FINAL PRETRIAL ORDER

| | | | | |
|---|---|---|---|---|
| 219 | Plaintiff's Amended Responses to XPO CNW, Inc.'s Requests for Admission, Set One (April 20, 2017) | | | |
| 220 | Deposition Transcript of Dr. Paul S.D. Berg, Volume I, January 18, 2018, (including all Exhibits) | | | |
| 221 | Deposition Transcript of Dr. Paul S.D. Berg, Volume II, January 31, 2018, (including all Exhibits) | | | |
| 223 | Invoice of Dr. Paul S.D. Berg to Brown, Gee & Wenger, LLP, 1/15/2018, Berg Dep. Ex. 6 (no bates) | | | |
| 224 | List of Trial testimony/depositions for Paul Berg (1/1994 - 9/2017), Berg Dep. Ex. 8 (no bates) | | | |

38

[PROPOSED] FINAL PRETRIAL ORDER

| | | | | |
|---|---|---|---|---|
| 226 | Report of Defendants' Rebuttal Expert Witness, Glenn Hammel, 12/28/2017 | | | |
| 227 | CV of Dr. Glenn Hammel March 2018, Hammel Dep. Ex. 4, Bates HAM000022-48 | | | |
| 228 | Typed Notes of Dr. Glenn Hammel Re: O'Brien case, Hammel Dep. Ex. 7 (no bates) | | | |
| 229 | Email from Dr. Glenn Hammel to Tatyana Shmygol Re: Diagnosis of Dead Individuals, March 23, 2018, Hammel Dep. Ex. 9 (no bates) | | | |
| 230 | Email from R. O'Brien to K. Kennedy Re: Hillary's Behind the scenes, 9/27/2016, Bates RO000239 | | | |
| 231 | Email from K. Kennedy to K. Wenger Re: Doug Stotlar, 11/3/2016, Bates RO000255 | | | |

39

[PROPOSED] FINAL PRETRIAL ORDER

| | | | | | |
|---|---|---|---|---|---|
| 232 | Plaintiff's Response to Defendant XPO Logistics, Inc.'s Special Interrogatories, Set One (September 26, 2017) | | | | |
| 233 | Plaintiff's Response to Defendant XPO CNW, Inc.'s Requests for Production of Documents, Set Two (September 26, 2017) | | | | |
| 234 | LinkedIn profile for Jennifer Pileggi (2/1/17), Pileggi Dep. Ex. 3 (no bates) | | | | |

[PROPOSED] FINAL PRETRIAL ORDER

| | | | | |
|---|---|---|---|---|
| 235 | 6127 Paseo Delicias, Rancho Santa Fe Home Photographs (1 through 8) | | | |
| 236 | 6127 Paseo Delicias, Rancho Santa Fe Property Transaction History | | | |

41

| | | | | |
|---|---|---|---|---|
| 237 | 6127 Paseo Delicias, Rancho Santa Fe Home Zillow Home Purchase History | | | |
| 238 | 75453 14th Green Drive, Indian Wells Property Valuation | | | |
| 239 | 75453 14th Green Drive, Indian Wells Home Photographs (1 through 10) | | | |

42

| | | | |
|---|---|---|---|
| 240 | Vi at Palo Alto Brochure | | |
| 241 | Vi at Palo Alto Costs | | |
| 242 | Vi at Palo Alto Amenities | | |

43

| | 243 | Vi at Palo Alto Images | | | |
|---|---|---|---|---|---|
| | 244 | J. & C. O'Brien Interests Inc. Articles of Incorporation filed June 8, 1983 | | | |
| | 245 | Certificate of Amendment of Articles of Incorporation for O'Brien Claussen Inc., filed December 14, 1989 | | | |

44

| | | | | |
|---|---|---|---|---|
| 246 | O'Brien Interests Inc. Statement of Information (SI-550), filed April 2, 2018 | | | |
| 247 | San Diego County Public Records Deed for 6127 Paseo Delicias, Rancho Santa Fe, CA, 92067, Document No. 2016-0459656, September 2, 2016 | | | |
| 248 | San Diego County Public Records Deed for 6127 Paseo Delicias, Rancho Santa Fe, CA, 92067, Document No. 2018-0374890, September 11, 2018 | | | |

[PROPOSED] FINAL PRETRIAL ORDER

| | | | | | |
|---|---|---|---|---|---|
| 249 | San Diego County Public Records Deed for 6127 Paseo Delicias, Rancho Santa Fe, CA, 92067, Document No. 2018-0374889, September 11, 2018 | | | | |
| 251 | Defendant's Trial Brief Dkt. No. 49 5/17/2017 | | | | |

46

1
2
3
4          UNITED STATES DISTRICT COURT
5          NORTHERN DISTRICT OF CALIFORNIA
6
7    RAYMOND F. O'BRIEN, an individual,          Case No. 3:16-cv-03869-JCS
                    Plaintiff,
        v.                                        **APPENDIX B**
8    XPO LOGISTICS WORLDWIDE, INC., a
     Delaware corporation; CON-WAY GLOBAL         **PLAINTIFF'S WITNESS LIST**
9    SOLUTIONS, INC., a Delaware corporation;
     and DOES 1-20, inclusive,
10                  Defendants.
11
12
13

| Witness | Subject of Testimony | Estimate of Time |
|---|---|---|
| 1.  Christopher O'Brien | Raymond O'Brien's career with and service to Con-Way, Role of O'Brien Interests, Inc. and services it provided to Raymond O'Brien, authority of O'Brien Interests, Inc. to act on Raymond O'Brien's behalf; O'Brien Interests, Inc.,  Use of $6,000 a month that O'Brien Interests received from Con-Way, office and secretary services used by Raymond O'Brien after 2005 and cost thereof; Raymond O'Brien's use of administrative support and an office after 2005; submission of invoices to Con-Way, Con-Way payment of invoices from 2006 through November 2015, Con-Way cessation of payment in December of 2015, Con-Way | Direct:  2.5 hours<br><br>Cross:  See Defendants' estimate of time below. |

47

| | | | |
|---|---|---|---|
| | | cessation of payment, Con-Way lack of notice of cessation of payments; communications with Defendants regarding lack of payment. Raymond O'Brien's assignment of his claims against Con-Way to his family trust, and status of Christopher O'Brien (as trustee of the Raymond F. O'Brien Family Trust) as Raymond O'Brien's successor in interest; emotional distress suffered by Raymond O'Brien as a result of Con-Way's stopping payments owed; authentication of records signed by Raymond O'Brien. | |
| | 2.  Raymond O'Brien | **Non-Cumulative Testimony:** Raymond O'Brien's employment history with Con-Way[6]. Raymond O'Brien's agreement with Con-Way; value provided by Raymond O'Brien pursuant to the Original Agreement and the Agreement as Modified; original benefits provided by Con-Way under the Agreement; Con-Way's payments under the Agreement between 2006 and November of 2015, communications with Con-way regarding Con-Way's failure to make payments to Raymond O'Brien after November of 2015; emotional/mental distress resulting from Con-Way's cessation of payments in December of 2015. | Direct:  2.5 hours<br><br>Cross:  See Defendants'<br><br>estimate of time below. |

---

[6] Con-Way as used herein shall refer and including Defendant XPO CNW, Inc., which was formerly known as Con-Way, Inc. and before that Consolidated Freightways, Inc., and any/all of its predecessors in interest.

[PROPOSED] FINAL PRETRIAL ORDER

| | | |
|---|---|---|
| 3. Lary Scott | **Non-Cumulative Testimony** Authentication of original agreement and related correspondence | Direct: 15 minutes<br><br>Cross: 15 minutes |
| 4. Keith Kennedy | **Cumulative Testimony** The terms of the Original Agreement; Con-Way's board of director's approval of the Original Agreement; Raymond O'Brien's services provided to Con-Way ;<br><br>**Non-Cumulative Testimony**: The Parties performance of the Original Agreement and Agreement as Modified, the services and value provided by Raymond O'Brien to Con-Way pursuant to the Original Agreement and Agreement as Modified, the negotiation and implementation of the Modification to the Original Agreement; Con-Way's board of director's approval of the Modification to the Agreement; Mr. Kennedy's authority to negotiate the Modification to the Original Agreement; costs of secretary, office and car service being provided to Raymond O'Brien prior to 2006; reason for Modification to the Original Agreement; Raymond O'Brien and Con-Way's performance under the Agreement as Modified, authentication of records written and/or signed by Raymond O'Brien; attempt to contact Con-Way and XPO after the Merger Transaction regarding the Agreement; lack of any attempt by Con-Way and/or XPO to contact him after the Merger Transaction regarding the Agreement. | Direct: 1.5 hours<br><br>Cross: 45 minutes |

49

| 5. Douglas Stotlar | **Non-Cumulative Testimony**<br>XPO Logistics acquisition of Con-Way stock, Con-Way's ratification of the Agreement as Modified and disclosure of Con-Way's financial obligations to Raymond O'Brien<br>**Cumulative Testimony**<br>Benefits provided by Con-Way Raymond O'Brien under the Original Agreement, the negotiation and implementation of the Modification to the Original Agreement, Con-Way's performance of its obligations under the Original Agreement and Agreement as Modified; Keith Kennedy's authority to negotiate the Modification of the Original Agreement | Direct:  20 minutes<br><br>Cross:  20 minutes |
|---|---|---|
| 6. Jennifer Pileggi | **Non-Cumulative Testimony**<br>Negotiation and implementation of the Modification to the Original Agreement, Con-Way's ratification and approval of the Agreement as Modified, the Parties performance of the Original Agreement and Agreement as Modified. Approval of payments to Mr. O'Brien pursuant to the Agreement as modified, Keith Kennedy's authority to negotiate the Modification to the Original Agreement | Direct:  20 minutes<br><br>Cross:  20 minutes |
| 7. Renee O'Brien | **Non-Cumulative Testimony**<br>Communications with Con-Way regarding their failure to make payments beginning in December of 2015; failure of Defendant to give notice that they would be stopping payments.<br>**Cumulative Testimony**<br>Invoices sent to Con-Way for | Direct:  30 minutes<br><br>Cross:  30 minutes |

[PROPOSED] FINAL PRETRIAL ORDER

| | | |
|---|---|---|
| | payments due under the Agreement; Payments made by Con-Way for payments due under the Agreement; the Parties performance of the Agreement as Modified; | |
| 8.   Stephen Krull | **Non-Cumulative Testimony:** Con-Way's knowledge, acknowledgment, ratification of the Original Agreement and Agreement as Modified; the performance of the Parties under the Agreement as Modified; Con-Way's disclosure to XPO Logistics, Inc. of Con-Way's obligation to pay Raymond O'Brien $6,000 a month. | Direct:  30 minutes<br><br>Cross:  See Defendants' estimate of time below. |
| 9.   Gordon Devens | **Non-Cumulative Testimony:** XPO Logistics, Inc. decision and instructions to Con-Way to stop making payments to Raymond O'Brien; Con-Way and XPO Knowledge of obligation to Raymond O'Brien; XPO's  and process by which that decision was made and basis for and intent in making that decision; failure of Con-Way and/or XPO to provide notice of decisions, communications with Raymond O'Brien regarding decision. **Cumulative Testimony** Con-Way payment of invoices from Raymond O'Brien through November of 2015. Con-Way's cessation of payments in December of 2015 | Direct:  1.5 hours<br><br>Cross:  See Defendants' estimate of time below. |
| 10. XPO CNW, Inc. and XPO Logistics, Inc. Custodian of Records | **Non-Cumulative Testimony:** Authentication of Con-Way Records as needed. | Direct:  30 minutes<br><br>Cross:  See Defendants' estimate of time below. |
| 11. Katherine Wenger | **Non-Cumulative Testimony** Timing of Defendants' | Direct:  20 minutes |

[PROPOSED] FINAL PRETRIAL ORDER

| | disclosure of Merger Agreement and related disclosure document; authentication of records as needed | Cross:  15 minutes |
|---|---|---|
| 12. Kathleen O'Brien | **Non-Cumulative Testimony** Raymond O'Brien's mental pain and suffering, emotional distress | Direct: 45 minutes Cross:   See Defendants' estimate of time below. |
| 13. Sharon Ferro | **Non-Cumulative Testimony** Raymond O'Brien's mental pain and suffering, emotional distress | Direct: 20 minutes Cross:   See Defendants' estimate of time below. |
| 14. Dr. Paul Berg | **Non-Cumulative Testimony** Raymond O'Brien's  mental pain and suffering, emotional | Direct:  1 hour Cross: 1 hour |

Plaintiff also reserves the right to call any witnesses identified on Defendants' witness list as part of its case in chief, and/or any witnesses necessary for rebuttal or impeachment purposes.

DATED:  December 28, 2019                    BROWN, GEE & WENGER LLP


                                            /s/  Katherine Wenger
                                            KATHERINE F. WENGER
                                            Attorneys for Christopher R. O'Brien as
                                            Trustee of the Raymond F. O'Brien
                                            Revocable Trust

[PROPOSED] FINAL PRETRIAL ORDER

1   SEYFARTH SHAW LLP
    G. Daniel Newland (SBN 87965)
2   Email:  dnewland@seyfarth.com
    Laura J. Maechtlen (SBN 224923)
3   E-mail:  lmaechtlen@seyfarth.com
    Chantelle C. Egan (SBN 257938)
4   E-mail: cegan@seyfarth.com
    Megha J. Charalambides (SBN 310892)
5   Email:  mcharalambides@seyfarth.com
    560 Mission Street, Suite 3100
6   San Francisco, CA 94105-2930
    Telephone:     (415) 397-2823
7   Facsimile:     (415) 397-8549

8   Attorneys for Defendant
    XPO CNW, INC.
9

10                        UNITED STATES DISTRICT COURT

11                        NORTHERN DISTRICT OF CALIFORNIA

12

13

14  RAYMOND F. O'BRIEN, an individual,          Case No. 3:16-cv-03869-JCS
                           Plaintiff,
                v.                               **APPENDIX B**
15
    XPO LOGISTICS WORLDWIDE, INC., a            **DEFENDANT'S WITNESS LIST**
16  Delaware corporation; CON-WAY GLOBAL
    SOLUTIONS, INC., a Delaware corporation;
17  and DOES 1-20, inclusive,
                           Defendants.

18

19

20

21

22

23

24

25

26

27

28

                                                                            53

| Witness | Substance of Testimony | Estimate of Time (Direct) |
| --- | --- | --- |
| Raymond O'Brien | **Non-cumulative testimony**<br><br>Raymond O'Brien ("O'Brien") is expected to testify regarding his employment with and service on the Board of Directors of Consolidated Freightways, Inc.  He is also expected to testify regarding negotiations of a 1987 arrangement with Consolidated Freightways, Inc. and the terms (or absence of the terms) of the arrangement.  O'Brien is further expected to testify regarding the 2006 verbal arrangement alleged in his complaint and the terms (or absence of terms) and circumstances surrounding its negotiation.  O'Brien is expected to testify regarding his obligations (or lack of obligations) under the arrangement as well as the performance of the obligations, if any, by both parties.  He is also expected to testify regarding services and payments received related to his arrangement with Consolidated Freightways, Inc. and its successors.  He is expected to testify regarding performance related to the arrangement.  He is also expected to testify regarding his relationship with XPO CNW, Inc. and any obligations it had to him.  O'Brien is also expected to testify regarding his sources of income and investments, including his involvement with O'Brien Interests, Inc. ("OBI").  He is expected to further testify regarding his son Christopher O'Brien's involvement is this lawsuit. | 2.5 hours |
| Stephen Krull | **Non-cumulative testimony**<br><br>Mr. Krull was the Executive Vice President, General Counsel, and Corporate Secretary of Con-way, Inc. from 2011 to 2015.  Mr. Krull is expected to testify regarding the nature of any understanding between O'Brien and Con-way, Inc. as well as any obligations related to that understanding.  Mr. Krull is also expected to testify regarding the nature of the payments to O'Brien and any obligation to continue.  Mr. Krull is expected to testify regarding his investigation concerning whether Con-Way, Inc. had a contractual obligation to pay a $6,000 stipend to O'Brien, and the Board's role in continuing payments.  Mr. Krull is also expected to testify regarding | 2.5 hours |

[PROPOSED] FINAL PRETRIAL ORDER

| | | |
|---|---|---|
| | XPO Logistics, Inc.'s acquisition of Con-Way, Inc., and, more specifically, Con-way, Inc.'s company disclosure letter associated with its merger with XPO Logistics, Inc. and the circumstances and meaning related to the disclosures.  He is further expected to testify regarding the corporate formalities that were in place at Con-Way, Inc. | |
| XPO CNW, Inc. Custodian of Records | **Non-cumulative testimony**<br><br>The custodian of records will testify to the authenticity of company records that were not otherwise authenticated. | 30 minutes |
| XPO CNW, Inc. Custodian of Records | **Non-cumulative testimony**<br><br>The custodian of records will testify to the authenticity of company records that were not otherwise authenticated. | Direct:   30 minutes<br><br>Cross: 30 minutes |
| Gordon Devens | **Non-cumulative testimony**<br><br>Gordon Devens was the Chief Legal Officer of XPO Logistics, Inc. from 2015 to 2017.  Mr. Devens will testify regarding his experience in conducting M&A transactions and corporate development.  Mr. Devens is expected to testify regarding the merger of Con-way, Inc. and XPO Logistics, Inc., as well as XPO Logistics, Inc.'s receipt and interpretation of the Company Disclosure Letter.  Mr. Devens is expected to testify regarding the corporate formalities that were in place at XPO Logistics, Inc., and its subsidiaries.  Mr. Devens is further expected to testify regarding his conclusion that there was no contractual obligation to O'Brien. | 4.0  hour |
| Christopher O'Brien | **Non-cumulative testimony**<br><br>Christopher O'Brien is the Trustee of the Raymond F. O'Brien Revocable Trust (the "Trust").  Christopher O'Brien is expected to testify regarding the Trust, his responsibilities as the Trustee, and Raymond O'Brien's assignment of his claims against Defendants to the Trust.  Christopher O'Brien is expected to testify regarding his involvement in this lawsuit during O'Brien's lifetime and his decision to amend the complaint after O'Brien's death.  Christopher O'Brien is expected to testify regarding Raymond O'Brien's | 2.5 hours |

55

| | | |
|---|---|---|
| | investments and sources of income, as well the same for Christopher O'Brien and his siblings.  Christopher O'Brien is expected to testify regarding O'Brien's health and emotional wellbeing. | |
| Kathleen O'Brien | Kathleen O'Brien is one of O'Brien's adult children.<br><br>**Cumulative testimony**<br><br>Kathleen O'Brien is expected to testify regarding O'Brien's health and emotional wellbeing (similar to Christopher O'Brien).<br><br>**Non-cumulative testimony**<br><br>Kathleen O'Brien is expected to testify regarding her financial condition, including financial support she has received from O'Brien during his life and through his Trust or estate, | 45 minutes |
| Sharon Ferro | **Non-cumulative testimony**<br><br>Sharon Ferro was O'Brien's companion.  Ms. Ferro is expected to testify regarding her relationship with O'Brien, as well as her observations of O'Brien during their relationship.  Ms. Ferro will testify to O'Brien's physical and mental wellbeing.  Ms. Ferro is also likely to testify regarding O'Brien's financial condition and his relationship with his children. | 1.5 hours |
| Dr. Glenn Hammel | **Non-cumulative testimony**<br><br>Dr. Glenn Hammel is a clinical psychologist, with a specialty in geriatrics.  Dr. Hammel is expected to provide his expert opinion regarding O'Brien's mental wellbeing, as a rebuttal to Dr. Berg's opinion. | 1.5 hour |

Defendant also reserves the right to call any witnesses identified on Plaintiff's witness list and/or any witnesses necessary for rebuttal or impeachment purposes.

56

1    DATED: December 24, 2019                Respectfully submitted,

2                                            SEYFARTH SHAW LLP

3                                            By: _____
                                                     Chantelle C. Egan
4

5                                            Attorneys for Defendants
                                             XPO CNW, INC. and XPO LOGISTICS, INC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                                                        57

1

2                                   **SIGNATURE ATTESTATION**

3              I hereby attest that all signatories listed above, on whose behalf this stipulation is

4      submitted, concur in the filing's content and have authorized the filing.

5          DATED: December 30, 2019                    BROWN, GEE & WENGER LLP

6                                                       _____

7                                                       KATHERINE F. WENGER
                                                        Attorneys for Plaintiff Christopher R.
8                                                       O'Brien as Trustee of the Raymond F.
                                                        O'Brien Revocable Trust
9

10     60848269v.3
       60917073v.1

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                                                              58